## BENNETT .*v*. HOLMES and Another.

PARTNERSHIP.—*Admissions.*—In an action on account for goods sold by the plaintiff to the defendants, A. and B., where the question at issue before the jury was, whether A. and B. were partners at the date of such sale;

*Held,* that the declaration of A. made to persons not parties, some months previous to the alleged sale, to the effect that such a partnership existed then, concealed from the public, in the business for the continuance of which the purchase in question was made, were admissible in evidence over the objection of A.

*Held,* also, that evidence showing that, about the date of the sale in question, other persons than the plaintiff dealt with A. and B. as partners in such business, and showing the accompanying acts and declarations of A. to the effect that there was then such a partnership, was admissible over A.'s objection.

PRINCIPAL AND AGENT.—*Declarations of Agent.*—The declarations of an agent made, not in the course of his agency, but after the transaction to which they relate, in casual conversation with persons not parties to such transaction, are not binding on his principal.

NEW TRIAL.—*Newly Discovered Evidence.*—Motion for a new trial on the ground of newly discovered evidence overruled. The party making the motion swore that he did not know of the new evidence until after the trial, but did not swear that he believed it to be true; and it was absolutely inconsistent with his own testimony, that he had never been a partner of his co-defendant.

*Held,* that the motion was properly overruled.

APPEAL from the Wayne Common Pleas.

RAY, J.—Action on account for liquors sold by appellees, September 4th, 1866, to appellant and one John E. Keren, who was not served with process, and who died pending the action. Bennett answered by denial, and that Keren had paid the claim. Reply in denial. Trial, and finding against appellant.

A motion for a new trial was overruled, and judgment was rendered on the finding.

The motion for a new trial assigned as a cause, the overruling of a motion to suppress a portion of the deposition of one Poundstone, in which he related a conversation between himself and Bennett, January 1st, 1866, while the deponent was engaged in negotiating a sale of goods to Ke-

ren. The statement was as follows: "I took Mr. Bennett to one side and asked him whether that man, Keren, was good; that I wanted to sell him a bill of goods; to which Bennett replied, 'Do you regard me good?' I told him I did. He then told me it was all right, to sell him all he wanted; that he, Bennett, was at the bottom of it, but had it carried on in Keren's name; that he did not want the citizens to know that he was in the business. I then went in and sold Keren a bill of liquors, cigars, and tobacco, to the amount of about two hundred and sixteen dollars and nineteen cents."

The question at issue before the jury was, whether Bennett and Keren were in partnership on the 4th day of September, 1866; and it was certainly proper to introduce evidence of the admission of Bennett in the previous January that such a partnership existed then, concealed from the public, in the very business for the continuance of which the sale of the articles in question was made.

The witness also stated, that on the 23d of April, 1866, he returned to Richmond, to collect a balance still due from this firm; and that Bennett then complained of the quality of the liquors, and demanded a deduction, which was made, and then himself paid the remainder of the bill. This evidence was also objected to, but admitted. The first sale by the appellees to Bennett & Keren was on the 19th of April, 1866, and it seems to us that evidence showing that other parties had, about that date, dealt with Bennett & Keren as a copartnership, and Bennett's acts and declarations to that effect, was something more than merely relevant to the question at issue.

Objection is taken also to other statements. of Bennett, made to other parties at an earlier date, to the effect that he was fixing off a portion of his livery stable for the purpose of carrying on the retail whiskey business; and that he did not want it known that he was engaged in it, as the employment was unpopular; but that it would be "a pretty nice thing."

The proof was, that a portion of Bennett's stable was thus ·apportioned off; and that the bill of liquors on the sale of which this suit was instituted was negotiated at that place.

Certainly, all such proof tended to establish a partnership, and it was the duty of the jury to determine, from all the evidence, whether its existence and continuance at the date of the sale charged in the complaint was proved.

There was also a motion for a new trial on the ground of newly discovered evidence; and an affidavit in support of this motion alleged, that the agent of the appellees, who made the sale, had stated, long after the sale, that Keren owed that firm some thousand dollars; that he, the agent, had made the sale to Keren and feared he would lose his situation on account of the bad debt.

Such evidence of the declaration of the agent could not have been introduced on the trial of the case, because not made in the course of his agency, and therefore not binding on his employers. In the case of *Hynds* v. *Hays*, 25 Ind. 31, it is said, " We do not think it would be wise, at any rate, to extend the rule so as to make evidence of the admissions of the agent, when not engaged in the business which the admissions tend to explain." The agent, at the date the statements were made by him in this case, was not negotiating the sale, but, at a much later date, was simply engaged in a casual conversation with a third party.

An affidavit of one Moody is also introduced, stating that between the 15th and 20th of April, 1866, he heard Keren tell the agent of the appellees, that he had purchased Bennett's interest in the saloon; and that the agent took an order from Keren for goods. Bennett swears that he did not know of this evidence until after the trial, but does not swear that he believes it to be true; and it is absolutely inconsistent with Bennett's testimony on the trial, in which he denies ever having been a partner of Keren.

The motion for a new trial was properly overruled.

The judgment is affirmed, with five per cent. damages and costs.

*J. P. Siddall,* for appellant.

*J. Yaryan,* for appellees.