[No. 3920.]

## JANE PERRY v. THE SOUTHERN PACIFIC RAIL-ROAD COMPANY.

NEGLIGENCE OF RAILROAD COMPANY IN CASE OF FIRE.—If a railroad company permits dry grass, which will readily take fire, to remain on its track, it is not negligence *per se*, but a fact from which negligence may be inferred by the jury in an action to recover damages for the destruction of a crop, alleged to have been set on fire by sparks from an engine.

QUESTION FOR JURY IN CASE OF RAILROAD COMPANY.—If a crop is destroyed by fire on the line of a railroad, and the fire originates from a spark emitted from the engine, which ignites the grass some distance from the crop, the question whether the destruction of the crop was the proximate result to be reasonably expected from the carelessness of the railroad company, is one of fact for the jury.

APPEAL from the District Court, Twentieth Judicial District, County of Santa Clara.

The plaintiff owned a crop of wheat growing on land adjacent to the track of the Southern Pacific Railroad, in Santa Clara County. The crop was destroyed by fire, on the 29th of June, 1872. The plaintiff claimed that the fire was caused by sparks from the engine in passing along the track opposite the land, and that the fire was caused by the carelessness of the defendant's agents. The plaintiff introduced testimony tending to show that grass had been suffered to grow on the railroad track, which had become dry, so that it would readily ignite, and that a spark from the engine set this grass on fire at a point distant about one hundred rods from the plaintiff's field, and that the fire ran some distance on the track, and then spread into the field of one Martin, and after crossing his field and the field of Rogers & Freed, adjoining that of the plaintiff, that it destroyed the plaintiff's crop.

The court instructed the jury as follows:

"1st. If the jury believe, from the evidence, that grass or other matter was permitted by the defendant, its agents or employees, to remain on the land in its possession, and near the track of its road, until it becomes so dry that it would readily take fire from sparks emitted from engines passing over its road, that fact is evidence of such negligence as would render the defendant liable for all damages to property occasioned by the ignition of such grass, or other matter, by sparks from their engines, and if fire was communicated to the property of plaintiff therefrom, and her property in consequence thereof destroyed, she is entitled to recover from the defendant the value of such property.

"2d. If the jury believe, from the evidence, that the fire which consumed the property of the plaintiff originated from sparks from the engine which passed the place where the fire commenced immediately before the fire, the defendant, to avoid liability, must show that it used every reasonable precaution necessary to prevent such injury."

The jury found a verdict for the plaintiff, and he had judgment. The defendant appealed.

*S. W. Sanderson,* for the Appellant.

The court below erred in giving the first instruction requested by the plaintiff. The instruction relates to the duty of the defendant in relation to combustible material on its roadway, and is erroneous in two respects: first, it requires the defendant to keep its road clear of such material, which is not law; second, it holds the company responsible for *all* damages, without regard to the maxim, *causa proxima non remota spectatur*.

As to the first objection, see *Kansas Pacific R. R. Co.* v. *Butts,* 7 Kansas, 308; *Smith* v. *Hann. & St. Jo. R. R. Co.,* 37 Mo. 294.

As to the second objection, see *Ryan* v. *New York Central R. R. Co.,* 35 N. Y. 210; *Penn. R. R. Co.* v. *Kerr,* 62 Penn. St. 353; *Macon, etc. R. R. Co.* v. *McConnell,* 27 Geo. 481.

The court below erred in giving the second instruction requested by the plaintiff. It relates to the burden of

proof, and declares in effect that the mere fact that a fire was kindled by a spark from the engine made a *prima facie* case of negligence against the defendant, which the defendant must disprove. Nothing is plainer than that such is not the law. (*Phila. & Read. R. R. Co.* v. *Yeiser*, 8 Penn. St. 366; *Frankford, etc. Turnpike Co.* v. *Phila. & Trenton R. R. Co.*, 54 Id. 345; *Toledo, etc. R. R. Co.* v. *Pindar*, 53 Ill. 447; *Burroughs* v. *Housatonic R. R. Co.*, 15 Conn. 124; *Macon, etc. R. R. Co.* v. *McConnell*, 27 Geo. 481; *McReady* v. *South Carolina R. R. Co.*, 2 Strobh. 356; *Smith* v. *Hann. & St. Jo. R. R. Co.*, 37 Mo. 289; *Kansas Pacific R. R. Co.* v. *Butts*, 7 Kansas, 308; *Rood* v. *New York & Erie R. R. Co.*, 18 Barb. 80; *Sheldon* v. *Hudson River R. R. Co.*, 29 Id. 226; *Same* v. *Same*, 14 N. Y. 218; *Gandy* v. *Chicago & Northwestern R. R. Co.*, 30 Iowa, 420.)

*Houghton & Reynolds,* for the Respondent.

The instructions were right.

The first instruction is unobjectionable in view of the testimony.

The first objection to it is answered by *Flynn* v. *S. F. & S. J. R. R. Co.* (40 Cal. 18). The instruction does not state the abstract proposition assumed by the objection.

As to the second objection, it was not necessary to confuse the jury with the question of remote or proximate damage, as there was no disputed question in this case which required that they should be instructed on that question.

The second instruction is not erroneous in view of the evidence, as to which the jury were correctly instructed. It does not, as counsel assumes, declare that the burden of proof is upon the defendant; nor does it state that the mere fact of the fire being communicated makes out a *prima facie* case for the plaintiff as an abstract proposition.

This instruction, read in connection with the first, just given, brings it within the rule stated in *Flynn* v. *S. F. & S. J. R. R. Co.*, and the other cases cited on the question of negligence.

But if the court had gone to the extent of instructing the

jury that the mere fact of the plaintiff's grain being set on fire by the defendants was *prima facie* evidence of negligence, it would only have stated the better rule of the English courts, and we think would have been sustained by this Court. (Redfield on Railways, Sec. 164, p. 357, and cases there cited.)

By the COURT:

The court below instructed the jury, in effect, that if dry grass had been allowed to remain on the track, and fire had been communicated to it from the engine, the defendant was liable for "all damages occasioned by the ignition of such grass," etc.

This was error. The permitting of dry grass to remain, "which would readily take fire," was not negligence *per se*, but *evidence* from which negligence might or might not be inferred by the jury, reference being had to the surrounding circumstances. (*Illinois Central* v. *Mills*, 42 Ill. 407.)

And whether the destruction of plaintiff's property was the *proximate* result to be reasonably expected from defendant's negligence, was also a question of fact to be submitted to the jury. (*Henry* v. *Southern P. R. R. Co.*, ante, p. 176.)

The question herein considered was not presented in the case last cited.

Judgment and order reversed, and cause remanded for a new trial.