JANUARY TERM, 1877.    193

Caswell and others vs. The C. & N. W. R'y Co., imp.

CASWELL and others vs. THE CHICAGO & NORTHWESTERN RAIL-
WAY COMPANY, imp.

SPECIAL VERDICT. *(1) A finding held sufficiently specific.*
RAILROADS. *(2) Destruction of adjoining property by fire: Contributory
negligence. (3) Matters included in appraisal of damages for taking
land, not provable by parol.*
REVERSAL OF JUDGMENT. *(4) For improper admission of evidence.*

1. In an action for the burning of a barn caused by sparks from defendant's
locomotive, the jury were instructed that the locomotive was properly
constructed and supplied with all known and usual means for prevent-
ing the escape of sparks, and that defendant was not liable unless the
fire was caused by the negligent and unskillful management of the loco-
motive by defendant's agents; and they were required to find specially
whether defendant was guilty of negligence which caused the loss, and,
if so, in *what such negligence consisted.* The jury, answering the first
question affirmatively, found that the negligence consisted in "not using
proper precaution, in handling the engine, to prevent the extraordinary
escape of sparks in passing the barn." *Held,* that the finding is suffi-
ciently specific.
2. Where a railroad is constructed at such a distance from a building that
the latter is not likely to be set on fire by sparks from locomotives prop-
erly constructed and used, upon such road, it is not negligence in the
owner not to remove such building.
3. The railroad company, in such a case, cannot show *by parol evidence,* that
when it acquired by condemnation its right of way over the land of the
owner of such building, he claimed that it would be necessary to remove
the building by reason of the road being located so near it, and the cost
of such removal was included in the appraisal of his damages.
4. A witness for the plaintiff was improperly permitted to testify that the de-
fendant company had paid him for certain property belonging to him,
which was stored in and destroyed with plaintiff's building; but on his
cross examination he said that the company did not pay him for his prop-
erty, but made him a *present;* that it denied all liability, claiming that
it had not set the fire, but gave him the money as a present because he
was a poor man. *Held,* that the company could not be prejudiced by
the evidence, and the admission thereof is no ground of reversal on its
appeal.

APPEAL from the County Court of *Milwaukee* County.
Action for the destruction of plaintiffs' barn, by fire, al-

leged to have been caused by sparks from a locomotive on de-
fendant's road, by reason of the improper and negligent con-
struction and management of such locomotive, to plaintiff's
damage $1,200. The plaintiffs were the widow and the chil-
dren and heirs-at-law of Robert K. Caswell, who owned the
premises at the time of his death, in December, 1870; and
*Mrs. Caswell* resided upon the land on which the barn was
situate, the same having been assigned to her for her dower.
Defendant acquired a right of way over Mr. Caswell's land in
1869, after the barn was built, and constructed its road over
said premises the same year. The answer denied the alle-
gations of negligence in the complaint, and also denied that
the fire was caused by sparks from defendant's locomotive.

The evidence will not be set forth, its character being suf-
ficiently stated in the opinion to explain the questions dis-
cussed and determined in regard to it.

The jury were instructed, 1. That in order to find a verdict
against the defendant, they must find from the evidence, (1)
that the barn was burned by sparks or fire communicated from
locomotive No. 48; and (2) that the fire was caused by the
negligent and improper manner in which said locomotive was
*handled and operated;* and that such negligence must be
proved to their satisfaction. 2. That, as a matter of law, the
locomotive was properly constructed and supplied with the
usual and necessary means for preventing the escape of sparks
and the prevention of fire, and even if the barn was burned
by fire or sparks emitted from said locomotive, yet de-
fendant was not liable, unless such burning was caused by its
negligent and unskillful *management and operation* of such
locomotive. The court then submitted to the jury the follow-
ing questions, to be answered by special verdict: 1. Was the
defendant company guilty of negligence that caused the burn-
ing of the barn ? 2. In what did the negligence consist ?
3. Was the plaintiff guilty of contributory negligence ? The
jury answered the first question affirmatively, and the third

negatively; and to the second they answered: "By not using proper precaution, in the handling of the engine, to prevent the extraordinary escape of sparks in passing the barn." They further found a general verdict for the plaintiffs, assessing their damages at $400. Defendant moved for a new trial, on the grounds that the verdict was against the law and the evidence, and that the court had erred in the admission of evidence. The motion was denied, and judgment entered upon the verdict; and defendant appealed from the judgment.

*Melbert B. Cary*, for the appellant, contended, 1. That the verdict should have been set aside as against the law and the evidence and the charge of the court; that the so-called special finding that defendant's negligence consisted in not using "proper precaution, in the handling of the engine," etc., was a mere reiteration of the general charge of negligence made in the complaint, did not state a single *fact* tending to show negligence, but stated merely a conclusion of law, and was a usurpation of the province of the court; and that there was no evidence in the case tending to show such negligence as is charged by the jury, or tending to sustain a special or general verdict of negligence on defendant's part, and negligence cannot be presumed (*Lyndsay v. R. R. Co.*, 27 Vt., 643); that the plaintiffs were also shown to be guilty of contributory negligence in failing to remove the barn from its dangerous position near the track (*Great Western R. R. Co. v. Haworth*, 39 Ill., 346; Wharton on Neg., 152; *Wilds v. R. R. Co.*, 24 N. Y., 430; *Grippen v. R. R. Co.*, 40 id., 34; *Wheeler v. Westport*, 30 Wis., 392; *Strahlendorf v. Rosenthal*, id., 675); it appearing from their own evidence that they were aware of the danger of neglecting to remove it, and a different degree of care being required where there is reason to apprehend danger, from that which is necessary where no danger is to be expected. *Penn. R. R. Co. v. Ogier*, 35 Pa. St., 60; *Cunningham v. Lyness*, 22 Wis., 245; *Langhoff v. Railway Co.*, 19 id., 489. As to the admission and exclusion of testimony,

counsel urged certain objections which will sufficiently appear from the opinion.

For the respondent, a brief was filed by *Williams & Merrill*, and the cause was argued orally by *D. S. Wegg* and *W. C. Williams*. They argued that questions of negligence are always for the jury, unless the proof is absolutely conclusive (*Pitzner v. Shinnick*, 39 Wis., 129; *Jalie v. Curdinal*, 35 id., 118; *Achtenhagen v. Watertown*, 18 id., V. & B.'s ed., 347, and note thereto); that defendant's servants were bound to take notice of the force and direction of the wind and the proximity of plaintiffs' barn, and to refrain, at that particular time and place, from acts which were dangerous then and there, although they might not ordinarily be dangerous (*C. & N. W. Railway Co. v. McCahill*, 56 Ill., 28; *Fero v. R. R. Co.*, 22 N. Y., 209; *Kellogg v. Railway Co.*, 26 Wis., 223; *Ward v. Railway Co.*, 29 id., 144; *Read v. Morse*, 34 id., 315); that the finding of the jury was sustained by the evidence; and that the second special finding was not too general, and, if it were, that would be no ground for reversing the judgment, such finding being entirely consistent with the general verdict. Tay. Stats., 1497, § 17; *Lemke v. Railway Co.*, 39 Wis., 449. 2. Counsel further contended that plaintiffs were not guilty of contributory negligence in failing to remove their barn: (1) because defendant's own evidence shows that the barn was not in danger when the locomotives were properly handled; and (2) because persons owning property along the line of a railroad are not under any legal obligation to remove it in order to escape the danger of fire. *Kellogg v. Railway Co., supra*. 3. They further argued that the testimony offered by defendant as to the action of the commissioners of appraisal in allowing Caswell a sum for the removal of the barn, was properly rejected. (1) The duties of the commissioners were defined by law; they were to compensate Caswell for all damages resulting to him from the taking and *proper use* of the right of way, and the proper op-

eration of the railroad, and not for damages that might arise from defendant's negligence; and the jury have found that the destruction of the barn was caused by negligence, and was not inevitable. Having no authority of law to make such an appraisal, the commissioners should not be allowed to testify that they made it in fact. (2) The doings of the commissioners under their appointment, including the amount awarded to Caswell, are matters of record, and should be shown by the record. The question *for what* the amount so awarded was to be paid, is to be determined by *the law*. (3) Even if the evidence were otherwise admissible, it would only be to show a new and substantive defense by a contract between defendant and Caswell, in the nature of an *estoppel;* and it was not admissible under the pleadings. 4. Counsel further argued that even if the question put to Burmeister was improperly allowed, defendant was not injured thereby, and its admission was no ground of reversal. *Fenelon v. Hogoboom*, 31 Wis., 172; *Saveland v. Green*, 40 id., 431; *Appleton v. Barrett*, 29 id., 221; *Eaton v. Woolly*, 28 id., 628; *Kellogg v. Railway Co., supra.*

Cole, J. The county court gave all the instructions asked on behalf of the defendant company, and submitted to the jury certain questions in the nature of a special verdict. The jury found generally for the plaintiffs; specially negatived contributory negligence on their part; and found that the company was guilty of negligence "by not using proper precaution, in the handling of the engine, to prevent the extraordinary escape of sparks in passing the barn." An objection is taken to this finding, that it is defective as stating a mere conclusion of law. It is said that it should point out the specific facts upon which negligence is predicated. But it is manifest that it might be difficult, if not impossible, for a party to show, and the jury to find, the precise act or thing which constituted negligence. For instance, the evidence might be perfectly

conclusive to show that the employees of the company had managed the engine in an unskillful and improper manner, and that a fire had been caused thereby, but a party might not be able to prove the specific negligent act, whether it was in running the train too fast, putting on too much steam, opening drafts or supplying fuel, or in what it was.  The engine and train are under the management and control of the servants of the company; they alone know what is really done.  A party injured can only show the facts and circumstances attending the transaction from which negligence may be inferred.  It is not possible for him to prove the particular person guilty of the negligent act, whether it was the fireman or engineer, or to show what they did.  The jury found that the employees did not take or use proper precaution, in managing the engine, to prevent the escape of fire.  This was a sufficiently specific finding in respect to negligence, we think.

But it is further objected that there is an entire want of testimony to sustain the verdict.  This position cannot be successfully maintained. · There is evidence from which the jury might have inferred that there was negligence in the management of the locomotive.  There was certainly evidence offered on the part of the plaintiff tending to prove that the engine, as it passed along by the barn about the time the fire occurred, was making an unusual noise, throwing sparks and burning cinders in large quantities.  It was going on an up-grade; the day was windy; and it was a legitimate inference from the testimony, that the employees in charge of the locomotive were not exercising proper care and caution in operating it, considering the danger to buildings situated near the track.  There is little room to doubt that the barn was destroyed by fire communicated from or thrown upon it by the engine.  And it was for the jury to say whether this resulted from the careless use and management of the engine, or not.  There is surely some evidence to support the verdict and findings, and therefore they cannot be disturbed by this court.

Caswell and others vs. The C. & N. W. R'y Co., imp.

It is also insisted that the plaintiff was guilty of contributory negligence in not removing the barn, which she knew to be dangerously near the track. The jury, however, found that there was no contributory negligence. It appears that the barn was situated about one hundred feet from the track; and one at least of the company's witnesses testified that it would be "impossible for a coal burner in perfect repair to throw a spark one hundred feet so as to set a building on fire." The plaintiff was surely not required to guard her property against fire which would be likely to happen only from an improper use of the engine. As a matter of law we cannot, consequently, affirm that she was guilty of negligence under the circumstances.

On the trial the defendant offered to prove by the witness Dohlman, one of the commissioners who appraised the right of way through the premises, that the owner, Mr. Caswell, met them on the premises, and, in a conversation then had in reference to the barn, claimed that the location of the track, when made, would involve the necessity of moving the barn, and claimed damages on that account; that the commissioners in their award allowed him $600 on that account, which was paid by the company; but that the barn was not moved. This evidence was objected to by the plaintiffs, and excluded by the court. It is now insisted that this ruling was erroneous, and that the evidence was relevant to show that the company had relieved itself from all liability for burning the barn where it then stood. But on the other side it is said that the evidence was incompetent, for the reason that the award of the commissioners was a matter of record, and could not be proven by parol; that one of two things was true: either that the commissioners had no right to make such an agreement for the removal of the barn under the provisions of the charter (ch. 75, P. & L. Laws of 1860, and ch. 269, P. & L. Laws of 1869), and had acted outside of their authority in doing so; or that the expense of removing the barn was a proper item to be considered

in estimating the damages, and should appear on the face of the award itself. It seems to us it would be a most dangerous rule to allow such matters to be proven by parol. The award itself was the best evidence of what it contained; and if $600 were allowed for removing the barn and as a part of the damages, that fact should appear therein. At one time, fencing made necessary by running a railroad through a person's farm was a proper item to be considered in estimating the damages. *Robbins v. the Milwaukee & Horicon Railroad Co.*, 6 Wis., 636. Suppose, while this was the law of the state, a party had brought an action against a company for killing his cattle which escaped from his inclosure adjoining the track through a defective fence, and had proposed to show by parol that the company had agreed to build and keep up such fence, and that this item of damages was not awarded when the land was condemned ? Would it not be a violation of all rules to allow such matters to be proven by parol ? It seems to us it would be, and that such a rule of evidence would lead to most dangerous results. And yet we cannot see wherein the case supposed differs in principle from the one before us.

Another exception is relied on for a reversal of the judgment, which was taken to the ruling of the court admitting the testimony of Burmeister. He was asked by the plaintiffs, among other things, whether the railroad company paid him for property which he lost in this fire. He answered, under objection, that it did. On his cross examination, he added: "I do not say that the railroad company paid for what I lost; they made me a present; they denied all liability, claiming that they did not set the fire, but gave me this money as a present because I was a poor man." It is very plain that this testimony was irrelevant and should not have been admitted. Still we cannot see that the company could possibly have been prejudiced by its admission. The testimony showed that the company paid the witness for his property, not on the. ground of any acknowledged legal liability to pay him

for it, but from motives of generosity and kindness. It would be an impeachment of the intelligence and good sense of the jury to assume that their verdict was affected by such testimony in any way.

This disposes of all the material points made on the argument by the counsel for the company.

*By the Court.* — The judgment of the county court is affirmed.

On a motion for a rehearing, *John W. Cary*, for the appellant, insisted that the testimony of Burmeister, improperly admitted, had been strongly relied upon by plaintiffs' attorneys in their argument to the jury, was well adapted to influence the jury unfavorably for defendant, and did in fact so influence them; and that whenever improper evidence has been admitted, and the jury were not afterwards directed to disregard it, the presumption is that they were influenced by it, if they have found for the party introducing it. *Castleman v. Griffin*, 13 Wis., 535; *Remington v. Bailey*, id., 333; *Johanneson v. Borschenius*, 35 id., 131; *Robbins v. Harvey*, 5 Conn., 335. In support of the view that the testimony here in question was improper, and must be supposed to have prejudiced the defendant, counsel cited *Tennant v. Hamilton*, 7 Cl. & Fin., 122.

*W. C. Williams*, in reply, contended that a judgment will not be reversed for errors occurring on the trial, where it is clear from the whole record that the verdict and judgment could not properly have been other than they were (*Manny v. Glendinning*, 15 Wis., 53, and cases there cited); and in particular that there will be no reversal for the improper admission of testimony, if the facts sought to be proven by it were clearly established by other evidence (*Spencer v. R. R. Co.*, 17 Wis., 488, and cases cited in V. & B.'s notes; *Roach v. Menomonie*, 24 id., 527); and that this case came within these rules.

The motion for a rehearing was denied.