The Louisville, New Albany and Chicago R. W. Co. v. Richardson.

---

## THE LOUISVILLE, NEW ALBANY AND CHICAGO R. W. Co. v. RICHARDSON.

NEGLIGENCE.—*Property Burned by Sparks from Locomotive.—Act contributing to Injury.—Contributory Negligence.—Answers to Interrogatories.*—In an action against a railroad company, by the owner of real estate lying contiguous to the defendant's track, to recover damages for the burning of a house situated on such real estate and of personal property contained therein, belonging to him, alleged to have been caused by sparks escaping from the smoke-stack of a locomotive used by the defendant, which was not provided with a sufficient spark arrester, the jury, with their general verdict for the plaintiff, found specially, that the plaintiff's house was set on fire by sparks emitted from the smoke-stack of a locomotive which was pro-

vided with an improper, defective and unsafe spark-arrester : that, if the locomotive had had a proper spark-arrester, the burning could not have occurred ; that the sparks entered an unoccupied upper room of the house, through a window fronting on the track, left open by the plaintiff ; and that, though the opening of the window contributed to the burning, yet, as the plaintiff did not know of the use or presence of the defective locomotive, he was not guilty of negligence in leaving the window open.

*Held,* that the defendant was not entitled to judgment *non obstante.*

SAME.—*Instruction.—Jury to find as to Negligence.*—The evidence being conflicting, it was proper to instruct the jury trying such cause, that the court left it to them, " as a question of fact, whether there was negligence in the plaintiff, that invited or contributed to the injury complained of."

SAME.—*Evidence.*—It was competent to enquire of a witness the exact date, after the fire, when such locomotive was taken to the shop to be repaired. to ascertain the correctness of a previous statement by him as to such date.

SAME.—*Declarations of Plaintiff's Husband.—Agency.*—Statements by the plaintiff's husband, as to the origin of the fire, were not competent evidence against the plaintiff, without proof of his agency.

SAME.—*Impeachment of Witness.— Residence.*—A witness may be impeached by evidence of his reputation for truthfulness in a neighborhood where he had resided until a time six weeks prior to the time when he testifies.

From the Lawrence Circuit Court.

*T. J. Jackson,* for appellant.

*G. Putnam, G. W. Friedley, W. H. Edwards, J. W. Buskirk* and *H. C. Duncan,* for appellee.

PERKINS, J.—Suit by the appellee, against the appellant, to recover damages she sustained by the burning of her house and some personal property, through the negligence of the appellant in running its locomotive along and upon its railroad tracks, using at the time imperfect, improper and inefficient spark-arresters in and over the smokestack of said locomotive, etc.

The paragraphs of complaint were sufficient. They, severally, sufficiently charged the negligence of the appellant, the injury done, and alleged that it happened without the fault of the appellee, etc. *Clark* v. *The Jeffersonville, etc., R. R. Co.,* 44 Ind. 248 ; *The Terre Haute, etc., R. R. Co.* v. *Graham,* 46 Ind. 239 ; *The City of Fort Wayne* v. *De Witt,* 47 Ind. 391.

Answer, the general denial. Trial by jury. Verdict as follows:

"We, the jury, find for the plaintiff, and assess her damages at $3,000—three thousand dollars."

The jury also returned answers to the following interrogatories, as follows:

"1st. Are you satisfied, by a preponderance of the evidence, that the house of the plaintiff was set on fire by defendant's locomotive known as the ' Tornado ?'

"Answer. Yes.

" 2. Has it been proved to your satisfaction, and by a preponderance of the evidence, that said locomotive was not in a good condition, and its smoke-stack not properly guarded?

"Ans. Yes.

"3. Is it proved that the defendant did not, at the time of the fire, use a suitable device for the arrest of sparks from the smoke-stack of her said engine?

"Ans. Yes.

" 4. Did the fire that burned plaintiff's house originate in the upper story, and in a room where one or more windows were left open on the end of the house next to the railroad, and while said locomotive was passing and repassing on defendant's road?

"Ans. Yes.

" 5. Was there bedding in said room, and a bed or lounge immediately under a window, which window was left open by plaintiff at said time when the fire caught, and when defendant's locomotive was passing and switching?

"Ans. Yes.

" 6. Was said room occupied at the time?

"Ans. No.

" 7. Did the fact that the window was left open, at the time of the passing and switching of said engine, contribute to the injury complained of?

"Ans. Yes, but no negligence on the part of the plaintiff.

" How much of your verdict for damages, if any, for the loss of the 'Putnam House,' so-called? How much for personal property, if any? How much for stable, if any? How much for any other property, if any?

"Ans. We only find $2,000 for 'Putnam House,' and $1,000 for personal property therein, and nothing for any other property.

" 9. Was the stable, wash and meat house, coal house, fences and walks of the plaintiff, or either of them, destroyed by the fire, by being fired directly from the sparks of the defendant's engine, or only by having caught from the main or Putnam House?

"Ans. Yes, all of them; we find that the property mentioned in this last interrogatory was burned, but not directly from the sparks of the defendant's engine, but from taking fire from the Putnam House."

After the verdict was returned, the appellant moved the court to render judgment in favor of the defendant upon the special findings of the jury, and assigned several reasons in support of his motion, but the court overruled the motion, and rendered judgment on the general verdict, to which the appellant excepted.

On appeal to this court, it is assigned for error:

1. That the court refused the motion to strike out parts and all of the paragraphs of the complaint;

2. To make the second paragraph of complaint more specific;

3. That the court overruled the several demurrers to the paragraphs of complaint;

4. That the court overruled the motion for judgment on the special findings;

5. That the court overruled the motion for a new trial;

6. That the court overruled the motion in arrest.

The Louisville, New Albany and Chicago R. W. Co. v. Richardson.

The court committed no error in overruling motions touching, and demurrers to, the paragraphs of complaint.

The court committed no error in overruling the motion for judgment on the special findings, as they were not irreconcilably inconsistent with the general verdict; and the rule is that the " antagonism between them must be apparent upon the face of the record, beyond the possibility of being removed by any evidence legitimately admissible under the issues, before the court can be called upon to give judgment against the party who has the general verdict in his favor."

The sparks or coals of fire by which the Putnam House was set on fire issued from the smoke-stack of the locomotive named the " Tornado."

This testimony was before the jury as to the condition of that smoke-stack:

" The smoke-stack was one of the oldest on the road. The netting was all cut away and rotted away round the rim, and holes punched in it. The smock-stack was not fit for any thing; it was taken down and thrown away," not long after the fire. The netting spoken of was made of wire; and the netting is to prevent the throwing off or emission of sparks of fire. On. the day the Putnam House was burned, the " Tornado " passed within forty or fifty feet of the house; the day was windy, and one witness testified that sparks issued from the smoke-stack of said locomotive as big as his little finger, and another that he saw some as large as his thumb. The testimony tended to show that a smoke-stack, provided with good netting, would not emit dangerous sparks. There was no evidence that the appellee had knowledge of the condition of the smoke-stack of the Tornado, nor that the engine was to be run on the road on the day of the fire, nor that it was to stop, or was stopping, for any length of time, in front of her said property.

Turning now to the answers to interrogatories:

The answer of the jury to the seventh interrogatory was, that " the fact that the windows were left open at the time of the passing and switching of said engine contributed to the injury complained of," but that there was " no negligence on the part of the plaintiff," appellee ; that is, that the windows' being open contributed to or facilitated the injury, but that the leaving open of said windows did not constitute contributory negligence, and hence did not bar the right of recovery of the appellee. To illustrate. The idea is this :   If the windows had been shut, and the road had shot fire-balls through them, thereby causing the burning of the house, the fact that the glass in the windows was not of sufficient strength to resist the fire-balls would have contributed, in a sense, to the firing of the house. Or if the sparks, as big as a man's thumb, had been driven against and through the windows when closed, the same would have been the fact.   But contributions to the injury do not necessarily preclude the right to recover compensation for it.   The contribution must be negligent. It is contributory negligence that bars the right of action for compensation.

We state, as a correct proposition of law, that it was not negligence in the appellee to leave her windows open, if the passing of locomotives or engines, with properly constructed and, at the time, properly guarded smoke-stacks, would not endanger her property, unless she had knowledge or notice of the coming of such as were dangerous. She would have a right to act upon the presumption that the company would do its duty, and run only engines with safe smoke-stacks.   It is plain from the evidence that her property was not in danger from engines having properly constructed smoke-stacks, in proper condition, and that the appellee had no notice or knowledge of the approach of the " Tornado."   Hence the jury were well justified in finding that there was no negligence on the

part of the appellee, a proposition which was involved in the general verdict.

We proceed to the question whether the court erred in overruling the motion for a new trial.

The verdict rendered was not contrary to law, and was sustained by evidence.

It was claimed in the motion that the court committed errors of law upon the trial:

1. In giving the latter part of instruction numbered fifteen, which was in these words, viz.: ".Also, I leave it to you as a question of fact, whether there was negligence in the plaintiff, that invited or contributed to the injury complained of."

It is said in the elaborate case of *Gagg* v. *Vetter*, 41 Ind. 228: " The question of negligence is one of mingled law and fact, to be decided as a question of law by the court, when facts are undisputed or conclusively proved, but not to be withdrawn from the jury when the facts are disputed and the evidence is conflicting."

According to this rule the question of negligence in this case was correctly left to the jury, under proper instructions which had already been given in the cause to the jury.

2. Another ground alleged in the motion for a new trial was the refusal of the court to strike out of the deposition of Richard Crawford the following question and answer:

" You stated in answer to question forty-two, that the engine ' Tornado ' was brought to the shop for repairs in the year 1853; was it in 1853 or 1873? Ans. In 1873."

We see no error in this.

3. Another ground alleged in the motion for a new trial was the denial by the court of the motion to strike out the 44th, 45th and 46th interrogatories and answers thereto in the deposition of Richard Crawford.

There was no error in this ruling. It is unnecessary to here copy said interrogatories and answers.

4. The court refused to hear proof of the admissions of James Richardson, the husband of the appellee, as to the origin of the fire. There was no error in this. He was not a party to the suit, had no interest in.the property, and had no right to bind the owner by his declarations. He is not shown to have been her agent for that purpose, and the declarations were made after the event. *Bennett* v. *Holmes*, 32 Ind. 108.

No seventh interrogatory in the deposition of James H. Swan appears in said deposition, as contained in the bill of exceptions. The court, therefore, is not shown to have erred in refusing to strike it out.

The appellant offered to prove the general character of the deponent Richard Crawford, for truth in New Albany. He resided at Elizabethtown in Kentucky, at the time of the trial and at the time of taking his deposition, which was about six weeks prior to.the trial, but up to that time he had lived in New Albany. The court refused to admit the proof, for the reason that the residence of deponent was then at Elizabethtown, in Kentucky. The court erred in this ruling. *Stratton* v. *The State*, 45 Ind. 468.

The judgment is reversed, with costs, and the cause remanded for a new trial.