The Louisville, New Albany and Chicago Railway Company *v.* Stevens.

No. 10,338.

## THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY *v.* STEVENS.

NEGLIGENCE.—*Railroad.*—*Evidence.*—*Jury.*—*Supreme Court.*—Where, in an action against a railroad company to recover the value of property destroyed by fire, the complaint charges negligence not merely in running the train, but in permitting dry grass, etc., to accumulate on the right of way, and in running over its track an engine not in proper condition, from which the fire escaped, and in allowing the fire to spread to the plaintiff's land, causing the injury, and a general verdict is returned for the plaintiff, the Supreme Court will not disturb it on the weight of the evidence, the jury having the right to consider all the circumstances as well as the direct proof, and, in case of a conflict of evidence, to determine whether or not the alleged negligence was proven.

INSTRUCTION.—*Jury.*—*Practice.*—*Harmless Error.*—A direction to the jury that the *first enquiry* should be as to a certain question involved, which, if found for the defendant, ought to result in a verdict for him, can not harm the defendant, though it is the province of the jury to adopt such order for the consideration of the questions involved as they may prefer.

From the Carroll Circuit Court.

*A. W. Reynolds* and *E. B. Sellers,* for appellant.

*J. A. Batson* and *J. H. Wallace,* for appellee.

ZOLLARS, J.—This action was instituted by appellee to recover of appellant the value of property destroyed by fire. In their brief in this court counsel for appellant confine their argument to the alleged error of the trial court in overruling appellant's motion for a new trial.

The position of counsel is, that the complaint charges negligence only in the running of one of appellant's trains, and that, upon that charge, there is a failure of proof. The construction of the complaint contended for is too narrow we think. The complaint is, in substance, as follows:

Appellee was the owner of land in White county, adjoining and along the west side of which was located appellant's railway. During the months of July and August, 1881, while a drought prevailed in the county, appellant carelessly and negligently suffered and permitted grass, weeds and other com-

bustible material to grow, mature and accumulate along and upon its track and right of way, which became very dry, dangerous, and liable to become fired. On the —— day of August, 1881, appellant, by its servants and employees, so negligently conducted the running of one of its engines over its said track that sparks of fire escaped from the smoke stack, and burning coals from the fire-box and ash-pan of the engine, and set on fire the said dry grass, weeds and combustible materials. It is further alleged, that the engine was not in proper condition and repair to prevent the escape of sparks and fire. After the grass, etc., had been thus set on fire, appellant carelessly and negligently suffered and permitted the fire to spread over and from its right of way to and upon appellee's premises, and burn and consume his property, such as hedge fences, rails, hay in the stack, etc.; all of which was without carelessness or negligence on the part of appellee, or any person other than appellant.

The complaint closes with the allegations, substantially, that the loss was wholly the result of the carelessness and negligence of appellant; that by reason of its negligence in permitting the said grass, etc., to grow, mature and accumulate upon its track and right of way, as aforesaid, by reason of its negligence in firing said grass, etc., as aforesaid, by reason of its carelessness and negligence in permitting the fire to spread to and upon appellees' land, etc., as aforesaid, and by reason of using an engine not in proper condition and repair, etc., appellee's property was burned.

This complaint, we think, charges negligence not merely in the running of the train, as that term is generally understood, but negligence in permitting the dry grass, etc., to accumulate and remain upon the track and right of way, at a time when the same would be likely to be ignited from passing trains; negligence in using and running over the track, in the midst of the danger, an engine not in a proper condition, and out of repair, from which fire escaped and ignited the dry grass, etc., and negligence in allowing the fire to spread

to and upon appellee's land. Upon this complaint as a whole, the sufficiency of which is not questioned by appellant's counsel, the jury returned a general verdict for appellee. This general verdict amounts to an affirmative finding upon all the material averments in the complaint. Counsel do not seem to question the sufficiency of the evidence upon any point, except as to the condition of the engine from which the fire is said to have escaped, and the manner of running it.

If it were necessary, to support the verdict, that the proof should establish the allegations of the complaint in that regard, we could not disturb the finding, under the well established rule that this court will not reverse a judgment upon the weight of the evidence in case of conflict. Not setting out the evidence upon these points specifically or at length, we may state that different witnesses upon the trial testified that the fire broke out in the grass and weeds, upon the right of way, on the 26th of August, 1881, just after an engine, called No. 6, had passed over the road; that, as a rule, for some time before the fire complained of, fires broke out upon the right of way just after this engine had passed over the track; that live coals of fire in more or less quantities, at different places and at different times, were found upon the track after this engine had passed; that, on one occasion, seven different fires, near each other, started up just after this engine had passed over the road; that, on another occasion, a culvert was found on fire; that spark arresters last from a month to a month and a half; that this engine gave out, and was taken to the shop and repaired on or about the middle of July, 1881; that, on or about the 1st of September, 1881, the spark arrester was found to be worn out, the engine was taken to the shop and a new one put in. Other witnesses testified that the engine was in perfect order, and that it was impossible for fire to get upon the track from the fire-box and ash-pan.

The whole case, however, went to the jury, with the facts and circumstances as detailed by the witnesses, and we can not say that there was not evidence from which the jury

The Louisville, New Albany and Chicago Railway Company v. Stevens.

might find that the engine was out of repair, and that the running of it over the track, under all the circumstances of the case, was negligence. The jury had a right to consider all of the circumstances as well as the direct proofs, and, in case of conflict, to decide whether or not the alleged negligence was made out. See *Toledo, etc., R. W. Co.* v. *Wand*, 48 Ind. 476; *Gagg* v. *Vetter*, 41 Ind. 228 (13 Am. R. 322); *Pittsburgh, etc., R. R. Co.* v. *Nelson*, 51 Ind. 150; *Louisville, etc., R. W. Co.* v. *Richardson*, 66 Ind. 43 (32 Am. R. 94); *Pittsburgh, etc., R. R. Co.* v. *Noel*, 77 Ind. 110; *Caswell* v. *Chicago, etc., R. W. Co.*, 42 Wis. 193; Pierce Railroads, 434 and 440; *Atchison, etc., R. R. Co.* v. *Stanford*, 12 Kan. 354 (15 Am. R. 362).

It is argued further that the evidence shows that appellee did not make proper efforts to save his property. After an examination of the evidence upon that point, we think the jury were not in fault in finding that appellee exercised reasonable care.

The only other question discussed by counsel is the alleged error of the court below in giving to the jury instruction numbered three. This instruction is as follows: "3d. Your first enquiry should be, was the property of the plaintiff set on fire and destroyed by the fire which was allowed to escape from one of the defendant's locomotives, as alleged in the complaint? If this point is not established to your satisfaction by a preponderance of the evidence, then your enquiry is at an end, and your verdict should be for the defendant. But should you be satisfied that this is established, you will then enquire whether the fire was caused by the negligence and carelessness of the defendant, its agents and servants, as stated in the complaint."

Complaint is made that this instruction is an invasion of the rights of the jury; that they had the right to reach a verdict by whatever process they might see fit to adopt. Granting that the jury may adopt their own mode of reaching a verdict, yet the court has the undoubted right to direct their attention to such points as must be found in favor of either

party, to make a case, or defence, under the issues.    Indeed, it would seem to be the duty of the court to direct the attention of the jury to the essential points in the case.    We can not understand how appellant could be harmed by the court telling the jury, that if one of the essential points was not established in favor of appellee their verdict should be for appellant.    It seems to us that if the instruction furnished grounds for complaint at all, it was on the part of appellee; but the grounds of such complaint we need not point out.

An examination of the record satisfies us that the objections discussed by counsel for appellant are not well taken, and that the judgment should be affirmed.

The judgment is affirmed, at the cost of appellant.