Louisville, New Albany and Chicago Railway Company v. Krinning.

No. 10,337.

LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY v. KRINNING.

| 87 | 351 |
|---|---|
| 124 | 277 |
| 127 | 57 |
| 87 | 351 |
| 129 | 475 |
| 87 | 351 |
| 146 | 567 |
| 87 | 351 |
| 154 | 333 |
| 87 | 351 |
| 164 | 423 |
| 87 | 351 |
| 167 | 340 |

NEGLIGENCE.— *Railroads.*— *Liability for Fires.*— *Pleading.*— A complaint against a railroad company, averring negligence in suffering the accumulation of combustibles upon its right of way, and negligence in the use of its engines, which were defective, whereby such combustibles were ignited, and negligence in permitting the fire thus kindled to escape to the lands of an adjoining owner, and thence continuously to the plaintiff's lands not abutting on the railroad, whereby the plaintiff's fences, hay and meadows were destroyed, and that the plaintiff was without fault, is good on demurrer, though the distance to the plaintiff's lands, the particular defects of the engines and the acts of negligence are not specified.

SAME.—To permit the accumulation of combustibles upon the plaintiff's own lands, or lands between those and the railroad, is not negligence *per se.*

INSTRUCTIONS.—*Practice.*—*Answers to Interrogatories.*—*Supreme Court.*—Error in refusing proper instructions upon a point which, it appears by answers of the jury to interrogatories, was found *for* the party complaining, is not available in the Supreme Court.

From the Carroll Circuit Court.

*A. W. Reynolds* and *E. B. Sellers,* for appellant.

*J. A. Batson* and *D. Turpie,* for appellee.

ZOLLARS, J.—The facts set up in the complaint are substantially as follows: Appellee was the owner of land in White county, near which, in said county, was and is the railway owned, controlled and operated by appellant; appellant negligently suffered and permitted grass, weeds and other combustible material to grow, mature and accumulate upon its track and right of way in the vicinity of, and in close proximity to, appellee's land; during July and August, 1881, when the weather was very warm and dry, said grass, etc., became very dry and combustible, and liable to become fired; on the 29th day of August, 1881, appellant, by its agents and employees, so negligently conducted the running of one of its engines by and near appellee's land, that said engine fired the said dry grass, etc., on the track and right of way; appellant

carelessly and negligently suffered, allowed and permitted the said fire to spread from its right of way to adjoining lands, and thence to the lands of appellee. It is further alleged that the engine was not in proper condition and repair to prevent fire escaping and igniting the said dry grass, etc. It is averred further, that the fire thus started upon appellant's track and right of way was a continuous fire, until it burned over the intervening space and reached appellee's land, and burned and destroyed his fences, meadows, hay in the stack, etc.; that appellee was without negligence or fault, as were also the owners of the intervening lands.

. A demurrer to this complaint was overruled by the court below, and appellant excepted. This ruling is assigned for error in this court. The objections urged to the complaint by appellant's counsel are, that it is not stated how near appellee's land is to the railroad; in what particular the engine was defective; what the negligent acts on the part of appellant were; or that the injury was the natural and proximate result of the negligent acts of appellant. None of these objections were well taken on demurrer. The proper way to reach them, if they existed, was by a motion to have the complaint made more specific. *Cincinnati, etc., R. R. Co.* v. *Chester*, 57 Ind. 297; *Barnett* v. *Leonard*, 66 Ind. 422.

Appellant's counsel insist that the verdict of the jury is not supported by a preponderance of the evidence; that as appellee's land did not adjoin the appellant's right of way, but was a half mile distant, and as the intervening lands had upon them grass, weeds and stubble, by which the fire was communicated to his land, the injury was not the natural and proximate result of appellant's negligence, and, hence, appellee can not recover; that the adjoining land-owners were as much bound to keep their lands free from grass, etc., as the railroad company, and if they did not do so they were guilty of such negligence as will defeat a recovery by appellee. We can not reverse the judgment on the weight of the evidence.

There is evidence to show that the right of way where the

fire started was covered with dry grass from two or three to eighteen inches in height; that the employees of the railroad company had cut the grass and weeds along the track to a width of two or three feet from the ends of the cross ties, and left it upon the ground where so cut; that frequently, and for some time before the fire which caused the injury complained of, live coals of fire, in more or less quantities, were found upon the track after the engine known as No. 6 had passed over the road; that, as a rule, for some time before the fire complained of, fires broke out in the dry grass and weeds upon the right of way just after this engine passed over the track, and, on one occasion, seven different fires, near each other, started in the grass, etc., just after this engine had passed. The fire that resulted in the injury to appellee broke out almost immediately after this engine had passed over the road. This evidence, with more of similar character, together with evidence on the part of appellant to show that the engine was in good condition, and carefully managed, went to the jury, and we can not say that there was not sufficient evidence upon which the jury might find that appellant was guilty of negligence as charged in the complaint. See *Toledo, etc., R. W. Co.* v. *Wand*, 48 Ind. 476; *Gagg* v. *Vetter*, 41 Ind. 228 (13 Am. R. 322); *Pittsburgh, etc., R. R. Co.* v. *Nelson*, 51 Ind. 150; *Louisville, etc., R. W. Co.* v. *Richardson*, 66 Ind. 43 (32 Am. R. 94); *Pittsburgh, etc., R. R. Co.* v. *Noel*, 77 Ind. 110; *Caswell* v. *Chicago, etc., R. W. Co.*, 42 Wis. 193; Pierce Railroads, 434 and 440; *Perry* v. *Southern, etc., R. R. Co.*, 50 Cal. 578.

Neither can we say from the evidence that the adjoining land-owners were guilty of negligence in allowing grass and weeds to remain upon their lands. From the evidence as we find it in the record, we can not tell definitely upon what lands grass, etc., was thus allowed to remain. Very many of the most important questions were propounded and answered with reference to a map or plat used by counsel and witnesses in fixing the location and relative position of lands, the points

where the fire started, and places where it is contended adjoining lands were covered with grass and weeds. The map is not in the record, and the questions and answers in relation to it are not such as to convey any-intelligible idea of the several localities. The jury, in answer to interrogatories, found that there were weeds and grass upon lands adjoining the railroad, and that the fire would not have reached appellee's land but for such weeds and grass. They also answered that the owners of the lands were not guilty of negligence in permitting the grass and weeds to so grow and remain upon their lands. This question, so far as it was material in this case, was a question for the jury, and we can not disturb their verdict upon the evidence. *Louisville, etc., R. W. Co.* v. *Richardson, supra;* Pierce Railroads, 434, 441, and cases cited; *Flynn* v. *San Francisco, etc., R. R. Co.,* 40 Cal. 14 (6 Am. R. 595):

The grass and weeds in relation to which the jury made special answer were upon lands adjoining the railroad. Appellee's land is a half-mile distant from the railroad; the fire spread over intervening lands, upon which were grass and stubble, and ignited stacks of hay upon land adjoining appellee's land; from these stacks the flames reached the haystacks of appellee, and spread thence to his lands. The jury found, both in their general verdict and in answer to an interrogatory, that appellee was not guilty of contributory negligence, and made proper efforts to arrest the fire and save his property. It can not be said as a matter of law, that the negligence of appellant was not the proximate cause of the injury to appellee. There seems to have been no intervening negligence, and there was no intervening cause operating between the negligence of appellant and the injury to appellee. The injury was the natural and probable consequence of the negligence of appellant, and such as might have been foreseen in the light of attending circumstances. The authorities are in conflict in the application of the maxim, " *causa proxima, et non remota, spectatur,*" to the facts in different cases, but the con-

clusion we have reached in this case is in harmony with the weight of the adjudicated cases. It would not be profitable to do more than cite some of them. Pierce Railroads, 442, and cases cited by the author; Binford v. Johnston, 82 Ind. 426 (42 Am. R. 508); Billman v. Indianapolis, etc., R. R. Co., 76 Ind. 166 (40 Am. R. 230); Henry v. Southern Pacific R. R. Co., 50 Cal. 176; Perry v. Southern Pacific R. R. Co., 50 Cal. 578; Milwaukee, etc., R. W. Co. v. Kellogg, 94 U. S. 469; Atchison, etc., R. R. Co. v. Stanford, 12 Kan. 354 (15 Am. R. 362); Fent v. Toledo, etc., R. W. Co., 59 Ill. 349 (14 Am. R. 13); Kellogg v. Chicago, etc., R. W. Co., 26 Wis. 223 (7 Am. R. 69); Pennsylvania R. R. Co. v. Hope, 80 Pa. St. 373 (21 Am. R. 100); Toledo, etc., R. W. Co. v. Muthersbaugh, 71 Ill. 572.

There was no error in refusing the instructions asked by appellant. The substance of the first is that the escape of sparks from the stack of the locomotive is not per se negligence. There is no available error in the refusal, for the reason that appellant has not been harmed thereby. The jury, in answer to interrogatories, state that the fire did not originate from such sparks, but from coals from the fire-box. The alleged error in refusing the fifth instruction so asked is not available for the reason that such refusal was not made one of the causes for a new trial.

In the ninth instruction so refused the court was asked to charge the jury, substantially, that if there was an accumulation of grass and weeds upon the land of appellee, and upon the lands between his and the railroad, by means of which the fire reached appellee's land, he can not recover. There was no error in refusing this instruction. The fact that there may have been grass and weeds upon the lands is not per se negligence. Whether or not the land-owners were guilty of negligence in that particular was a question to be submitted to the jury. See authorities above cited. The court, in its ninth instruction, stated the law correctly upon this point, and as favorably to appellant as it had a right to ask.

Complaint is also made that the trial court erred in giving instruction No. 3. An instruction identical with this was examined in the case of *Louisville, etc., R. W. Co.* v. *Stevens, ante,* p. 198, and held not to be erroneous.

There being no error in the record, the judgment is affirmed, at the costs of appellant.