The Town of Rushville v. Adams.

:SAME.—*Sufficiency of Evidence.*—Where there is evidence sustaining the finding of the court, it will not be disturbed.

From the Clinton Circuit Court.

*J. Claybaugh* and *G. Sexson*, for appellant.

*S. Vanton*, for appellees.

Filed Sept. 23, 1886.

----

No. 10,502.

THE TOWN OF RUSHVILLE *v.* ADAMS.

NEGLIGENCE.—*Towns and Cities.*—*Permitting Objects Calculated to Frighten Horses to Remain on Street.*—Towns and cities, in the absence of contributory negligence, are liable for injuries resulting from the fright of horses, of ordinary gentleness, at objects naturally calculated to frighten them, and which the corporation has negligently placed, or permitted to be placed, and to remain upon the street.

SAME.—*Complaint.*—*Demurrer.*—*Motion to Make Specific.*—*Practice.*—Where the averments in the complaint in regard to negligence are not sufficiently specific, the objection must be reached by motion to make more specific, and not by demurrer for want of facts.

SAME.—A general averment that the injury complained of was not caused by any negligence on the part of the plaintiff, but was caused wholly by the negligence of the defendant, a town, in permitting a person to carry on the business of making candy on the street, makes the complaint good as against a demurrer for want of facts.

INSTRUCTIONS TO JURY.—*Will be Considered as a Whole.—Reversal of Judgment.*—If the instructions, considered as a whole, put the case fairly before the jury, the judgment will not be reversed because one, taken alone, may not be sufficiently full.

From the Rush Circuit Court.

*W. A. Cullen, B. L. Smith, J. J. Spann* and *J. Q. Thomas,* for appellant.

*C. Cambern* and *T. J. Newkirk,* for appellee.

ZOLLARS, J.—Appellee charged in her complaint, that the town licensed, and with knowledge permitted a person to carry on the business of manufacturing candy on one of the streets, and in said business " to use a tripod supporting a vessel containing syrup, which was boiled and manufactured into candy by means of fire built under the vessel;" that she and her husband were driving on the street, when the horse became frightened at the fire and ran away, throwing them out, and injuring her; that the injury was not caused by any negligence or carelessness on her part, but was caused wholly by the negligence of the town in permitting said person to maintain and carry on the said business.

Counsel for appellant urge three principal objections to the complaint. Assuming that appellee's husband was driving the horse, the first is that there is no averment that he was free from negligence contributing to the injury.

Without deciding in what respect, if any, the husband's negligence might affect the rights of appellee, it is sufficient here to say that it in no way appears from the complaint that he was driving the horse.

The second is, that as the buggy did not come in contact with the tripod, or any obstruction on or defect in the street, the town is not liable; in other words, that cities and towns

are not liable for injuries resulting alone from the fright of horses at objects upon the streets, no matter what may be their character, and notwithstanding that the city, with knowledge, may have allowed them to remain upon the streets for an unreasonable length of time, or may have granted permission for placing and maintaining them there.

We do not understand that cities and towns are entitled to such immunity from liability. The duty rests upon such corporation to keep their streets in a safe condition, and free from all obstructions that may seriously interfere with travel, and thus result in injury to travellers. This duty relates not only to defects in the roadway, and objects thereon against which vehicles may be wrecked, but also extends the liability to injuries from falling awnings, ice and snow, and to injuries resulting from the fright of horses, of ordinary gentleness, at objects upon the streets naturally calculated, and which may reasonably be expected, to produce such fright. It can not be said, with reason, that streets in which obstructions are suffered to be placed and remain, which, by their appearance, are calculated to frighten such horses, are in a reasonably safe condition. The purpose of the law is to secure to the public safe highways. As said in the case of *Morse* v. *Town of Richmond*, 41 Vt. 435 (8 Am. L. Reg. N. S. 81), " That purpose may be as effectually defeated by an obstruction which impedes travel by its frightful appearance as by one which, if it is hit, will be an obstacle to the secure passage of the wheels of a carriage." And, as said in the case of *Bartlett* v. *Hooksett*, 48 N. H. 18, " Objects calculated to frighten horses would often be far more dangerous, and much less easily guarded against by the traveller, than many obstructions with which he comes in actual contact or collision."

In the case of *Foshay* v. *Town of Glen Haven*, 25 Wis. 288 (3 Am. R. 73), it was said : " We adopt upon this subject the rule established by the Supreme Courts of Vermont, New Hampshire and Connecticut, that objects within the limits of a highway, naturally calculated to frighten horses of ordi-

nary gentleness, may constitute such deficiencies in the way as to render the town liable, even though so far removed from the travelled path as to avoid all danger of collision."

Other cases to the same effect might be cited. In our judgment, reason, and the better considered cases, unite in requiring a holding that cities and towns should be held liable for injuries resulting from the fright of horses, of ordinary gentleness, at objects naturally calculated to frighten such horses, and which the corporation has negligently placed, or permitted to be placed, and remain upon the streets.

In order to render the corporation liable in such cases, it must, in some way, be made to appear that the object or obstruction was one naturally calculated to frighten horses of ordinary gentleness, and that the horse frightened was of such a character.

The third objection to the complaint, urged by appellant's counsel, is, that these facts are not sufficiently made to appear by its averments.

The complaint is not as definite and specific as the rules of good pleading would require, and if the question were before us upon the overruling of a motion below to have the complaint made more certain and specific, we should feel constrained to reverse the judgment. It has often been held by this court, that where the averments in regard to negligence are not sufficiently clear and specific, the objection is to be reached by a motion to have the complaint made more specific, and can not be reached by a demurrer for want of facts. *Cleveland, etc., R. W. Co.* v. *Wynant*, 100 Ind. 160, and cases there cited; *Louisville, etc., R. W. Co.* v. *Krinning*, 87 Ind. 351, and cases there cited.

The general averment in the complaint before us, that the injury was not caused by any negligence or carelessness on the part of the plaintiff, but was caused wholly by the negligence of the town in permitting the person to maintain and carry on the business of making candy on the street, we think, makes the complaint good as against the demurrer for

The Town of Rushville v. Adams.

want of facts. *Cleveland, etc., R. W. Co.* v. *Wynant, supra;* *Louisville, etc., R. W. Co.* v. *Krinning, supra.*

The evidence makes it very clear that the town authorities had knowledge of the fact that portions of the sidewalk and gutter were occupied by the person manufacturing candy, and that he had so occupied them for quite a number of days prior to appellee's injury, and that they made no effort to remove the obstruction, but affirmatively acquiesced in its continuance.

The syrup was heated by means of a fire produced by gasoline. As the horse, driven by appellee and her husband, came opposite, the pan or basin containing the syrup was lifted from the fire, which caused it to flash upwards. The jury having found that the fire, as thus used, was naturally calculated to frighten horses of ordinary gentleness, and that the horse was of that character, and that there was no negligence in the management and driving of the horse upon and along the street, we can not disturb the verdict upon the weight of the evidence. There is some conflict in the evidence as to the character of the horse, but this court can not settle that conflict against the finding of the jury.

The instructions asked by appellant were upon the theory that the town was not liable unless the vehicle came in contact with some defect or obstruction upon the street, and hence were properly refused.

The court's instruction to the jury, that if they should find the material averments of the complaint to have been proven, they should find for appellee, was too indefinite, as applied to this case. But in subsequent instructions, they were charged that in order that the plaintiff might recover, it must appear from the evidence that the horse was one of ordinary gentleness, and that the apparatus and fire used by the manufacturer of candy were naturally calculated to frighten such a horse.

In a civil action, the instructions are to be considered as a whole, and if, thus considered, they put the case fairly and

intelligently before the jury, the judgment will not be reversed because any one of them, taken alone, might not be sufficiently full. *Union Mutual Life Ins. Co.* v. *Buchanan,* 100 Ind. 63 (74).

We have examined all of the questions discussed by appellant's counsel, and while the case in some of its features is close upon the margin, we find no error that would justify this court in reversing the judgment.

Judgment affirmed, with costs.

