No. 9971.

## PHILLIP ET AL. *v.* AURORA LODGE No. 104 I. O. G. T. ET AL.

CORPORATION.— *Benevolent Society.*— *Trustees.*— *Authority to Make Lease.*— Where the trustees of a secret society are vested with general power to manage its property, a lease of the lodge room to another society for use one night in each week is not beyond their power and is valid.

PLEADING.—*Harmless Error.*—Where the general denial is pleaded, there is no available error in sustaining a demurrer to an additional paragraph which avers no fact not admissible under the general denial.

From the Dearborn Circuit Court.

*H. D. McMullen, D. T. Downey* and *I. M. Dunn,* for appellants.

*C. S. Jelley,* for appellees.

BICKNELL, C. C.—The appellants, members of Harmony Lodge No. 69, of the Knights of Pythias, suing for themselves and other members of said corporation, allege in their complaint that said corporation and another corporation of the Knights of Pythias, named Union Lodge, are tenants in common of a certain hall, owning in common the fixtures and furniture thereof for the purposes of their incorporation; that, under the by-laws of said corporations, three trustees of each are a joint board of trustees, for the purpose of transacting their business in the occupancy of said hall; that Aurora Lodge No. 104 of Good Templars claims to have leased from said joint board the said hall, and threatens to enter and use the same; that there has been no valid lease made, and that such entry and use would be a trespass irreparable and not capable of compensation in damages. The complaint demands an injunction to prevent such entry and use.

The defendants answered by a general denial. They also filed a cross complaint. A demurrer to the cross complaint was overruled. The plaintiffs answered the cross complaint by a general denial and a special answer. A demurrer to the special answer to the cross complaint was sustained. The cause was tried by the court upon the complaint and cross complaint, and the general denials. The court found for the defendants and rendered a judgment quieting their title and possession as against the plaintiffs, for one year from October 1st, 1881.

The plaintiffs moved for a new trial, alleging that the finding was contrary to the evidence and contrary to law. This motion was overruled, and the plaintiffs appealed from the judgment. They assign as errors:

1. Overruling the demurrer to the cross complaint.

2 and 3. Overruling the demurrer to the special answer to the cross complaint.

4. Overruling the motion for a new trial.

The fourth of these specifications of error presents no question, because there is no bill of exceptions. As to the demurrer to the cross complaint, the cross complaint alleged that said Aurora Lodge had rented the hall from said joint board of trustees for one year from October 1st, 1881, by a written lease executed by William A. Griffith, Robert B. Fowler and Ephraim Ricketts, trustees of said Union Lodge, and by Mayer Mayer and Charles H. Lambkin, trustees of said Harmony Lodge, and by Frank A. Wood, Charles Sweet and William H. Hamilton, trustees of said Aurora Lodge; that said trustees of said Union and Harmony Lodges, who executed said lease, were a majority of said joint board of trustees, and had full power and authority to execute the same; that, when executed, it was delivered to said trustees of said Aurora Lodge, who were put in possession of said hall, and were in the actual occupancy of the same under the lease, at the time of the commencement of this suit.

The cross complaint prayed that the plaintiffs be enjoined against interfering with defendants in their quiet and peaceable possession of said premises during the term of said lease. The original complaint averred that, under the by-laws of the grand lodge, three trustees of each lodge jointly occupying a hall were a joint board of trustees " for the purpose of transacting the business of the several lodges so occupying said hall."

The original complaint also averred that said Fowler, Ricketts and Griffith, on the part of said Union Lodge, and said Mayer Mayer, Charles Lambkin and one Rectanus on the part of said Harmony Lodge, constituted said joint board of trustees, and that, under the by-laws of said grand lodge, it was the duty of said joint trustees to take charge of all joint property of said several lodges, and to manage the business thereof, and to prescribe such rules for the conduct and government of the same as may be proper from time to

time, not inconsistent with the general laws of the order, and that when said board, by a majority thereof, shall adopt any rules, regulations or orders for the conduct of said several lodges so represented by them, the same shall be final and binding upon all the lodges meeting in said hall.

Annexed to the cross complaint was a copy of the lease signed by all of said joint board except said Rectanus, and by all of the trustees of Aurora Lodge; it recites that said joint board has rented to said Aurora Lodge the use of said hall for the period of one year, etc., to be used on Thursday night, the lessee to take good care of the room when so used, and to permit no nuisance, and at the end of the term to peaceably surrender possession.

The appellant claims that such a lease was beyond the power of a majority of the board of trustees, and was an unwarrantable diversion of the property from its legitimate corporate purposes; but we think the lease was fairly within their authority, and bound the lodges they represented. There was no error in overruling the demurrer to the cross complaint. As to the demurrer to the special answer to the cross complaint, that answer was pleaded together with the general denial; it simply averred that the lease was void and beyond the power of the trustees, and that said lodges were not authorized by law to hold property for the purpose of renting the same for profit, and that if they were so authorized they could not do it against the protest of any individual member, and that the plaintiffs had always protested against such leasing, and that said Harmony Lodge, on September 21st, 1881, expressly ordered its trustees not to make such a lease; that defendants have not paid anything for said lease, nor taken possession of said hall under said lease, with the knowledge or consent of said Harmony Lodge, or of the plaintiffs, and that said Harmony Lodge has not done any act by which she is estopped from alleging the invalidity of said lease.

There was no error in sustaining the demurrer to this answer; so far as it contained any material allegation of fact

it was embraced in the general denial; so far as it contained mere matter of law it amounted to nothing as an answer. There is no error in the record. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered on the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellants.