Filed May 28, 1884.

---

No. 10,847.

## THE WABASH, ST. LOUIS AND PACIFIC RAILWAY COMPANY v. JOHNSON.

RAILROAD.—*Fire Escaping from Locomotive.—Complaint.—Negligence.* — In an action by an adjoining proprietor against a railroad company for damage to the plaintiff's property caused by fire escaping from the defendant's locomotives, the complaint should not only allege negligence on the part of the defendant, but also that the plaintiff was without negligence.

From the Fountain Circuit Court.

*C. B. Stuart, W. V. Stuart, J. McCabe* and *C. M. McCabe,* for appellant.

*J. M. Rabb, C. V. McAdams, L. Nebeker* and *H. H. Dochterman,* for appellee.

COLERICK, C.—This action was brought by the appellee against the appellant to recover, as damages, the value of certain property alleged to have been destroyed by fire occasioned by the negligence of the appellant. The complaint averred, in substance, that in the month of August, 1881, the appellant negligently permitted grass and rubbish to grow upon its right of way through the lands of the appellee, and negligently permitted the same to dry up and become com-

bustible, and while in that condition the same was ignited by sparks and fire emitted by the engines of the appellant passing over its railroad, and that said fire was, through the negligence of the appellant, permitted to be carried to the appellee's premises adjoining said right of way, and destroyed appellee's fencing of the value of $150, and his blue-grass pasture, of the value of $300, all to appellee's damage $550. Wherefore, etc.

A demurrer to the complaint, alleging insufficiency of facts, was overruled. An answer, consisting of two paragraphs, was filed. The first was a general denial. The second averred, in substance, that the appellant, in operating its line of railroad, uses engines propelled by steam, and that at the time alleged in the complaint the appellant was running its said engines upon said line of railroad in the usual and customary manner; and that said engines, at said time, were provided with spark arresters of the most approved patterns in known practical use, and that they were, at said time, in safe and proper condition; that during said month of August, 1881, owing to a long continued and unusual season of hot and dry weather, the grass and vegetation along said right of way became parched and dried up, and that in the ordinary running of appellant's engines in the then condition of the ground and vegetation, it was almost impossible to prevent the escape of sparks, and that if any injury was done to the appellee's property by reason of sparks escaping from said engines, then said injury occurred without any fault or negligence on the part of the appellant.

A demurrer was sustained to the second paragraph of the answer. The issues were tried by a jury, and resulted, over motions for a new trial and in arrest of judgment, in the rendition of a judgment in favor of the appellee. The errors assigned are the rulings of the court upon said demurrers and motions.

The appellant insists that the complaint is insufficient, 1st. Because it contains no allegation that the fire was communi-

cated to the appellee's property by any fault or negligence of the appellant; and, 2d. Because it contains no allegation that the injury of which the appellee complains was caused without his fault or negligence.

It is true, as stated by this court in the case of the *Louisville, etc., R. W. Co.* v. *Ehlert*, 87 Ind. 339, that "The authorities recognize a well defined distinction between the negligent setting on fire of inflammable material on the right of way of a railroad company and negligence by the company in permitting such a fire to escape onto the land of an adjacent proprietor." In the case cited it was held that in an action like this it is necessary to aver that the railway company had negligently permitted the fire started on its right of way to escape and spread to the land of the plaintiff, upon the theory that negligence in so permitting the fire to escape constitutes the gist of the action. It is averred, in the complaint under consideration, that the fire, which ignited the dry grass and rubbish on the appellant's right of way across the lands of the appellee, was, *through the negligence* of the appellant, permitted to be carried to the appellee's premises adjoining said right of way, and caused the injury complained of. The complaint as to this averment was sufficient. See *Louisville, etc., R. W. Co.* v. *Krinning*, 87 Ind. 351; *Louisville, etc., R. W. Co.* v. *Hanmann*, 87 Ind. 422. A general allegation of negligence is sufficient, and under it the facts showing negligence may be proved. *Pittsburgh, etc., R. R. Co.* v. *Nelson*, 51 Ind. 150. But the complaint was insufficient in not showing that the injury was caused without the fault or negligence of the appellee. See *Wabash, etc., R. W. Co.* v. *Johnson, ante*, p. 40, where it was said: "It is settled by our decisions that a complaint for the recovery of damages resulting from the loss of property caused by negligence in suffering fire to escape from railroad locomotives, and to be communicated to adjoining property, must show, either by direct averment or by the facts stated, that the negligence of the plaintiff did not contribute to the injury. It is not enough to show that the de-

fendant was negligent; it must also be made to appear that the plaintiff was without fault."

The court erred in overruling the demurrer to the complaint. The facts alleged in the second paragraph of the answer were admissible under the first paragraph of the answer. Therefore, if any error was committed by the court in sustaining the demurrer to the second paragraph, it was a harmless one. Where the general denial is pleaded, there is no available error in sustaining a demurrer to an additional paragraph which avers no fact not admissible under the general denial. *Phillip* v. *Aurora Lodge, etc.*, 87 Ind. 505; *Darrell* v. *Hilligoss, etc., Gravel Road Co.*, 90 Ind. 265.

In view of the conclusion which we have reached, it is unnecessary to consider the questions presented by the ruling of the court upon the motion for a new trial, as they may not arise on another trial. For the error of the court in overruling the demurrer to the complaint, the judgment should be reversed.

PER CURIAM.—The judgment of the court below is reversed at the costs of the appellee, and the cause is remanded with instructions to the court below to sustain the demurrer to the complaint, and for further proceedings.

Filed May 29, 1884.