## Van Camp Hardware and Iron Company *v.* O'Brien, by Next Friend.

[No. 3,491. Filed January 7, 1902.]

NEGLIGENCE.—*Careless Driving.*—*Complaint.*—A complaint alleging that defendant negligently loaded bars of iron in a wagon so that they extended six or eight feet over the rear of the wagon, and that defendant's driver negligently turned at a high rate of speed from one street into another, and that plaintiff .who was crossing the street into which the wagon turned, was, without fault or negligence on her part, struck by one of the projecting bars and permanently injured, is sufficient to withstand a demurrer for want of facts. *pp. 153–155.*

SAME.—*Answers to Interrogatories.*—*Conflict.*—Plaintiff was struck by a bar of iron projecting from the rear of defendant's wagon while it was turning from one street into another. The jury found in answer to special interrogatories that the wagon was south of the crossing at the time of the accident; that plaintiff's view of the wagon both before and at the time of the injury was in no way obstructed; that plaintiff could not have seen the bars of iron if she had looked; that defendant's horses were gentle; that plaintiff was nine years old and of ordinary intelligence; that when she started across the street defendant's wagon was twenty-five feet from her, and the horses were going in a trot. *Held,* that the answers to interrogatories were not in irreconcilable conflict with a general verdict for plaintiff. *pp. 155, 156.*

SAME.—*Instruction.*—*Harmless Error.*—In an action for damages alleged to have been caused by defendant's negligence, an instruction which assumes negligence on the part of defendant is rendered harmless by another instruction which submits the question of negligence to the jury. *pp. 156, 157.*

SAME.—*Instruction.*—*Harmless Error.*—In an action for damages alleged to have been caused by defendant's negligence, an instruction which assumes that plaintiff had suffered or would suffer pain is not reversible error, where the plaintiff's injury, as to which there was no dispute, consisted of the loss of an eye. *p. 157.*

APPELLATE COURT.—*Transfer of Cause.*—*Constitutional Law.*—It is unnecessary for the Appellate Court to transfer a cause to the Supreme Court that the constitutionality of a statute may be passed upon, where that court in another case has already held constitutional the statute in question. *pp. 157, 158.*

NEGLIGENCE.—*Instructions.*—The giving of an instruction that negligence is the doing of or failing to do some act or thing which, under the circumstances, it is the duty of the party to do or leave

Van Camp Hardware & Iron Co. *v.* O'Brien.

undone, is not available error where other instructions informed the jury as to the care required of the plaintiff and defendant respectively.  *p. 158.*

TRIAL.—*Instructions.*—Where the evidence showed without conflict that certain facts set out in an instruction were true, an instruction that such facts were "not denied" was not prejudicial though defendant had filed a general denial.  *p. 158.*

NEGLIGENCE.—*Instruction.*—An instruction that it was not negligence to transport through the streets of a city, on a delivery wagon, bars of iron that projected four to six feet behind the wagon, was properly refused as being too general.  *pp. 158, 159.*

SAME.—*Instruction.*—*Harmless Error.*—An instruction that if plaintiff received the injury complained of as the result of inevitable accident he could not recover was harmless, where another instruction informed the jury that the plaintiff could not recover upon the mere proof of defendant's negligence.  *p. 159.*

SAME.—*Instruction.*—*Evidence.*—Where in an action for damages the injury complained of was the loss of an eye, an instruction that there was no evidence that the eye was in good condition prior to the accident, and that the loss of the eye could not be considered in estimating damages, was properly refused, since it was for the jury to determine what the evidence showed.  *p. 159.*

DAMAGES.—*When not Excessive.*—A verdict for $2,500 for the loss of the left eye of a child eight years old is not excessive.  *p. 159.*

From Marion Superior Court; *J. M. Leathers,* Judge.

Action for damages for personal injuries by Pansy S. O'Brien against the Van Camp Hardware and Iron Company.  From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Elmer E. Stevenson,* for appellant.
*W. W. Herod* and *W. P. Herod,* for appellee.

COMSTOCK, C. J.—The complaint is in one paragraph, and is in substance that the plaintiff, Pansy S. O'Brien, was an infant not quite nine years old when she received the injuries complained of; that she is a bright and intelligent girl of her age; that the defendant (appellant here) is a corporation doing a general hardware and iron business in the city of Indianapolis; that on the ———— day of April, 1899, the appellant, through its agents, had sold and was to deliver at a certain point in Madison avenue, Indianapolis, certain

iron, among which were bars of iron four or five inches wide, five-eighths of an inch thick and fourteen or sixteen feet long; that appellant carelessly and negligently loaded said iron lengthwise into the bed of one of its wagons, which wagon was about eight feet long; that the appellant negligently and carelessly permitted said iron to project six or eight feet over the rear end of the wagon bed; that the appellant's driver negligently passed over the streets of Indianapolis, until he reached McCarty street; that said driver went east on McCarty street to Madison avenue, to the center of Madison avenue, and then negligently and carelessly turned at a high rate of speed into Madison avenue at the intersection of said streets; that at said time the plaintiff, Pansy S. O'Brien, was crossing Madison avenue at McCarty street, and that without fault or negligence on her part she was struck in the left eye by one of the bars of iron, cutting the eyeball open; that as a result of said injuries, the plaintiff lost her left eye and the sight thereof; that by reason of said injuries the plaintiff was damaged $10,000, for which amount she asked judgment. The trial resulted in a verdict and judgment for appellee for $2,500. Appellant assigns as errors the action of the trial court in overruling the demurrer to the complaint; in overruling appellant's motion for judgment in its favor on the answers of the jury to interrogatories notwithstanding the general verdict; in overruling appellant's motion for a new trial.

The act of negligence charged was the negligent and careless driving of appellant's team, with the wagon loaded with iron projecting, as stated, six feet to the rear, rapidly around the junction formed by the intersection of two streets of the city of Indianapolis. It has been held by the Supreme Court and this court in numerous cases, that it is sufficient to withstand a demurrer for want of facts to characterize an act as having been carelessly done, and that under such allegation the facts constituting the negligence may be given in evidence. *Louisville, etc., R. Co. v. Jones,*

108 Ind. 551; *Cleveland, etc., R. Co.* v. *Wynant*, 100 Ind. 160; *Jones* v. *White*, 90 Ind. 255; *Louisville, etc., R. Co.* v. *Krinning*, 87 Ind. 351; *Boyce* v. *Fitzpatrick*, 80 Ind. 526; *Cincinnati, etc., R. Co.* v. *Gaines*, 104 Ind. 526, 54 Am. Rep. 334; *Wabash, etc., R. Co.* v. *Johnson*, 96 Ind. 44, and cases cited.

While it can not be said to be negligence to load tire iron lengthwise in a wagon of the description given, nor negligence to drive the same along the public streets of a city, nor to turn said wagon from one street into another, yet that it may be negligence to drive a wagon thus loaded rapidly and carelessly, making rapid turns from one street into another in a populous city, we have no doubt. We are clearly of the opinion that the complaint stated facts proper to be submitted to the jury.

In support of its second specification of error, appellant claims that it was entitled to judgment on the answers of the jury to interrogatories numbered 18, 28, 29, 36, 37, 38, 39, 41, 49, 52, 56. Briefly summarized, these answers show that the appellant's wagon was on the west side of Madison avenue, a little south of the south crossing of McCarty street, at the time of the accident; that the bar of iron was four inches wide, from one-half to three-fourths of an inch thick, and twelve or fourteen feet long, and weighed about 100 pounds; that there was nothing to obstruct from the view of the plaintiff the horses and wagon of defendant before she was injured. She could readily have seen for some time before the accident the character and speed of the defendant's wagon. Defendant's horses were gentle, and had been used for a long time to draw a delivery wagon. Plaintiff was about eight years and eight months old, vigorous, and of ordinary capacity and intelligence. When plaintiff started west across Madison avenue at the curb, defendant's horses and wagon were about twenty-five feet west of her on McCarty street. Plaintiff, when she fell, was five or six feet from the curb at the west side of Madison avenue at the south crossing of McCarty street.

Answers to interrogatories will not control a general verdict unless they irreconcilably conflict with it. *Sponhaur* v. *Malloy*, 21 Ind. App. 287, and authorities cited. The record presents no such conflict.

In answer to other interrogatories, the jury found that at the time of the accident defendant's horses were not being driven slowly, but were going at a trot; that the driver was going southeast on Madison avenue, which extends in a southeasterly and northwesterly direction, and is in a populous part of the city; that plaintiff was going west across Madison avenue when she was injured; that she did not see the bar of iron projecting behind appellant's wagon, and could not have seen it had she looked before it struck. These special findings are in harmony with, and strongly support, the general verdict.

The giving to the jury of instructions four and fifteen by the court of its own motion are among the reasons for a new trial. They are considered together, for it is insisted that the same error occurs in both. "(4) To entitle the plaintiff to recover in this action, she must establish by a fair preponderance of the evidence, (1) that she was injured as alleged in her complaint; (2) that the negligence of the defendant was the direct and proximate cause of such injury." "(15) If you find for the plaintiff, under the rules given you, the next inquiry will be as to the measure of damages which the plaintiff has sustained. In fixing such damages you will consider the character of the injury, whether the same is probably permanent or only temporary in character; how much pain or suffering, physical or mental, the plaintiff has undergone or will probably undergo on account of such injury; and considering all these elements, in so far as they were caused by the negligence of the defendant, the jury may award the plaintiff such damages, within the demands of the complaint, as you believe will be a fair compensation for such injuries. But if, under the law given you by the court and under the evidence, you believe the

plaintiff is not entitled to recover, it will not be necessary for you to enter upon a consideration of the question of damages."

The objection pointed out to these instructions is that in each the court assumes that appellant was negligent, and that instruction fifteen assumes in addition that the plaintiff had suffered pain for which she should be compensated. So far as these instructions assume negligence, as is claimed upon the part of appellant, they were rendered harmless by instruction ten given by the court, which is in part as follows: "The court does not instruct you, as a matter of law, that the employe of the defendant was or was not negligent in the manner of his placing or loading said iron in the wagon, and in carrying said iron therein, but will leave the question to you, as reasonable, fair-minded men, to determine the question whether at the time and place where the plaintiff was injured, if you find she was injured, the employe of the defendant, taking into consideration all the facts and circumstances of the case, was or was not guilty of negligence in the manner of loading and carrying the iron in controversy." As to the additional assumption in instruction fifteen that appellee had suffered or would suffer pain, we can not see that appellant was harmed thereby, in view of the fact that there was no question of the loss of her eye by being struck by the projecting iron, and her very serious physical injury.

Instruction five given by the court of its own motion is as follows: "(5) If you believe from the evidence that the carelessness and negligence, if any there was on the part of the plaintiff, contributed to the alleged injury complained of, I instruct you that the plaintiff in this action can not recover; but the burden of proof is upon the defendant to show that the plaintiff was guilty of contributory negligence, if any there was, and the defendant must prove that fact by a fair preponderance of the evidence." It is claimed that the giving of this instruction was error, because the statute

upon the subject of contributory negligence, entitled "An act concerning the pleadings and proof in actions for damages," etc., Acts 1899, pp. 58, 59, upon which it is based, is special legislation, and therefore unconstitutional. Counsel asks that for this reason the cause be transferred to the Supreme Court. Counsel for appellant has presented a learned and lengthy argument, citing many decisions in support of this position. But the case of *Southern Indiana R. Co.* v. *Peyton*, 157 Ind. 690, decided by the Supreme Court since appellant's brief was written, holding the act constitutional as against the objection here urged, renders the transfer of the case to the Supreme Court unnecessary.

Objection is made to the sixth instruction. It is as follows: "Negligence, whether on the part of the defendant or plaintiff, may be briefly defined to be the doing of or failing to do some act or thing which under the circumstances, it is the duty of the party to do or to leave undone." This instruction correctly defines negligence in the abstract. Other instructions informed the jury as to the care required of the plaintiff and defendant respectively.

The giving of instruction seven is made a reason for a new trial. It is as follows: "And in this case it is not denied that at the time and place in controversy one Richard O'Mara was in the employ of the defendant, engaged in delivering iron to a customer of the defendant, and pursuing the business of his employer, and having charge of the horse and wagon belonging to the defendant in the action." It is insisted that, inasmuch as appellant had filed a general denial to the complaint, that the instruction was improper. As the evidence showed without any conflict that the facts set out in the instruction were true, it could not have been prejudicial to defendant.

The refusal to give instructions four, sixteen, seventeen, nineteen, and twenty-one requested by appellant is discussed. By instruction number four refused, the court was requested to instruct the jury that it was not negligence for

one to transport, through the streets of a city on a delivery wagon, bars of iron that projected four to six feet behind the wagon. The language of this instruction was too general; whether the act described was negligence or not would depend upon the manner in which it was performed.

Instruction sixteen refused stated that if plaintiff had received the injury at the hands of defendant as the result of inevitable accident, she could not recover. As the court instructed the jury that the plaintiff could only recover upon proof of the negligence of defendant, the refusal complained of was harmless. The nineteenth and twenty-first instructions refused were substantially covered by others given.

The seventeenth instruction refused is as follows: "The plaintiff alleges in her complaint that by the injury to her left eye, on April 1, 1899, she lost the sight thereof. I instruct you that there has been no evidence introduced showing that the left eye of plaintiff was in good condition before the accident thereto, on April 1, 1899, or that she could see therewith prior to said date. You will not, therefore, in estimating and assessing damages, if you find for the plaintiff, take into consideration the matter of the loss of the sight of said eye." It was for the jury to determine what the evidence showed.

It is claimed that the damages are excessive. Appellee suffered pain and lost her left eye. "The damages are not so great, in view of the evidence, as to induce the belief that the jury acted from prejudice, partiality or corruption." This court would not, therefore, upon that ground, be justified in disturbing the judgment. *Lauter* v. *Duckworth*, 19 Ind. App. 535, and cases cited.

In conclusion, counsel for appellant contends that the evidence is insufficient to support the verdict, and that it is contrary to law. While the testimony of some of the witnesses is conflicting, there is evidence to support the verdict, and, being within the issues, it is not contrary to law.

Counsel for appellee earnestly argue that the evidence is not in the record. We have, for the consideration of this case, treated it as properly presented. We find no error for which the judgment should be reversed.

Judgment affirmed.