BEERY ET AL. v. DRIVER ET AL.

[No. 20,668. Filed March 8, 1906. Rehearing denied June 29, 1906.]

1. APPEAL AND ERROR.—*Instructions.—Bill of Exceptions.*—Instructions saved by a special bill of exceptions duly signed and filed by the trial judge and showing the proper exceptions taken, are a part of the record. p. 129.

2. DRAINS.—*Remonstrances.—Joint.—When Proper.*—All remonstrators to a ditch proceeding may properly join in a remonstrance against same on the grounds that the benefits thereof would not equal the expense, and that it would not be of public utility. *Yeoman* v. *Shaeffer*, 155 Ind. 308, distinguished. p. 129.

3. SAME.—*Cleaning.—Duty of Landowners.*—Under §§5637, 5638 Burns 1901, Acts 1893, p. 271, and Acts 1891, p. 47, §2, it is the imperative duty of the landowners through whose lands a public ditch is constructed, annually to clean out the same without waiting for the orders of the township trustee. p. 129.

4. SAME.—*Obstructions.—New Drains Because of.*—Landowners, through whose negligence and failure of duty a public ditch has become obstructed and rendered unfit for drainage, cannot, because of such obstructions, establish a new drain and thereby shift the burden of clearing such obstructions upon other people. p. 132.

5. TRIAL.—*Instructions.—Drains.—Public Utility.*—Where there was evidence tending to show that an existing ditch, if cleaned, would serve all purposes, and that the construction of the pro-

posed drain was an attempt to shift upon others the expense of clearing the obstructions, it was error to instruct that the purpose of petitioners was not a question and that the public utility of the proposed drain was the only question.   p. 132.

6.  TRIAL.—*Instructions.—Invasion of Province of Jury.—Drains.* —An instruction in a drainage proceeding, which assumes that the proposed drain will reclaim wet lands, render the community more healthful and benefit a public highway, is erroneous where such facts are controverted.   p. 133.

7.  SAME.—*Instructions.—Applicability.*—It is not error to refuse to give an instruction not applicable to the case.   p. 133.

8.  EVIDENCE.—*Opinions.—Drains.*—It is improper to ask a lay witness in a drainage proceeding whether the proposed drain would be more effectual in carrying off the water than the present one if cleaned, since that is a question for the determination of the jury, and is capable of proof otherwise.   p. 133.

From Allen Circuit Court; *Owen N. Heaton,* Special Judge.

Drainage proceedings by John S. Driver and others against which Henry Beery and others remonstrate.   From a judgment for petitioners, remonstrants appeal.  *Reversed.*

*Aiken & Belot* and *W. & E. Leonard,* for appellants.

*Thomas E. Ellison* and *Hugh G. Keegan,* for appellees.

MONTGOMERY, J.—This is a proceeding for the establishment of a ditch, begun before the Board of Commissioners of the County of Allen, in which appellees were petitioners and appellants were remonstrators.   The board rendered a final judgment establishing the ditch, from which an appeal was taken to the circuit court, where a trial by jury resulted in a verdict and judgment in favor of the petitioners.

Appellants jointly and severally assign as error the overruling of their motion for a new trial.

Complaint is made in the motion for a new trial of the insufficiency of the evidence to sustain the verdict, and of the giving and refusing to give certain instructions, and other errors of law occurring upon the trial.

Appellees' counsel insist that the instructions are not in the record, but they are manifestly mistaken. The instructions were all properly embraced in a special 1. bill of exceptions duly signed and filed by the trial judge, from which it appears that at the time of giving the instructions complained of appellants' counsel duly excepted to the giving of each of the same, and also excepted to the refusal to give each instruction tendered by them and refused by the court.

The only issues presented for trial upon appeal were whether the aggregate benefits would exceed the total expense of the ditch, and whether the same would be 2. of public utility. Appellants joined in the remonstrance and in the motion for a new trial. Appellees' counsel suggest that upon the authority of *Yeoman v. Shaeffer* (1900), 155 Ind. 308, separate remonstrances and motions for a new trial should have been filed. This objection if tenable should have been raised in a proper manner in the court below; but, where parties have the requisite qualifications, there can be no impropriety in their joining in a remonstrance, upon grounds not affecting their interests severally, but of a general character, and of a nature, if true, to defeat the work as an entirety. The questions involved are properly presented, and appellees' objections are untenable and cannot be sustained.

We cannot reverse the case upon the weight of the evidence.

At the request of appellees' counsel the court gave to the jury the following instruction: "I further instruct you that there is no legal duty resting upon these petitioners to keep a ditch through their premises open and free from obstructions, except at the time and in the manner they are required to do by the county surveyor and the township trustee. You will therefore not consider whether it is the fault of any one that the present

ditch is obstructed and insufficient to carry off what water comes through it. The reasons for the condition do not concern us in the trial of this cause."

The court refused to give the following instruction requested by appellants: "If you find from the evidence in this cause that the plaintiffs, who are the petitioners for the construction of the proposed ditch, permitted the ditch now existing across their lands to be trampled in by stock, or otherwise to become filled up and in need of cleaning, and you find that the exclusive benefits to be derived from the construction of the ditch in question here would be to clean out and put in proper condition said ditch now existing, and you further find that said filling up of said existing ditch was caused by neglect or fault of the plaintiffs alone, then you would be authorized to find that the proposed ditch is not of public utility, as a person cannot allow a ditch on his own premises through his own fault or neglect to become out of repair and then call upon his neighbors or parties owning lands along the route of the proposed ditch to help him pay for necessary cleaning of the same, and if you find such facts to exist it would then be your duty to find for the defendants."

These two opposing instructions present the controlling contentions of the parties with respect to the public utility of the proposed ditch. The new work consisted of widening and deepening a section of an existing public ditch. The evidence as presented to us tends strongly to prove that by cleaning out the existing ditch to its original dimensions all the uses of the proposed work would be effectually accomplished.

Section 5637 Burns 1901, Acts 1893, p. 271, provides that after allotments for repairs have been made, "it shall be the duty of the owner of each tract of land * * * to clean out and repair the portion of said work so allotted to such tract of land * * * between the first days of

August and November of each and every year." To secure
a consecutive and orderly performance of the work it is
made the duty of the township trustee, by §5638 Burns
1901, Acts 1891, p. 47, §2, to fix the exact limits after the
first of August and before the first of November within
which such work must be done.

Section 5639 Burns 1901, Acts 1889, p. 53, §8, pro-
vides: "If the portion or any part thereof of such ditch or
drain so allotted to the land of any owner,   *   *   *   be-
comes filled or obstructed by the negligence of any owner or
occupant of any land, or by cattle, horses, hogs or other
stock of such owner or occupant, it shall be the duty of such
owner or occupant to remove all such obstructions or
fillings, at his own expense, before the 31st day of August
of each year."

In discussing the provisions of §§5637, 5638, *supra,* in
the case of *Daggy* v. *Ball* (1893), 7 Ind. App. 64, 66, the
Appellate Court said: "It will be observed that these sec-
tions do not confer upon the trustee any discretionary
power to examine the drains, and ascertain and determine
whether they really need cleaning out in order to enable
them to subserve their purpose, nor do these sections require
the owner to clean out if really needed to make the ditches
work right. On the contrary, by these sections the law
imposes upon the owner the absolute duty of cleaning out
and repairing annually. Recognizing that in the course of
nature, by the action of the running water, and by frosts
and falling rains and other natural causes, there must neces-
sarily be within a year more or less disturbance of the ditch
from its original condition, the law determines the fre-
quency with which these cleanings shall be made."

The statute imposes a plain duty upon the owners of
land against which allotments for the repair of a public
ditch have been made to clean out such allotments annually
within prescribed dates. The language of the statute is
almost too plain to require construction; but the Appellate

Court, as shown, has emphasized the mandatory character of that duty. If any part of such ditch shall be obstructed by the negligence of the owner or occupant of any land, or by his stock, he must, under the provisions of §5639, *supra,* remove such obstructions at his own expense before August 31 of each year. In view of these statutory provisions it cannot be said that the owners of lands charged with the maintenance of allotted portions of a ditch are under no legal duty to free the same from obstructions except as required by the township trustee, and the above instruction, given at the request of appellees, is incorrect in so declaring the law. It is equally plain that such landowners may not negligently suffer or cause a ditch to become filled up and obstructed, and under the guise of constructing a new work compel others to contribute to the expense of removing such obstructions, where the existing ditch, if properly cleaned and repaired, would effectually drain their lands and dispense with the necessity for the proposed improvement. It follows that the instruction tendered by appellants should have been given.

In the fourth instruction, given at appellees' request, the court advised the jury "that the purpose of the petitioners in asking for the construction of this ditch is not for you to consider, but that you will only determine whether the ditch as proposed will be of public utility," etc. This was an erroneous declaration of law as applied to the case at bar, for reasons already stated. It withdrew from the jury consideration of all evidence given by appellants to the effect that the old ditch properly maintained would subserve the purposes to be accomplished by the new one.

Instruction three is subject to criticism; but in view of the conclusion already reached and the probability that the whole series will be rewritten, we will not now discuss its imperfections.

Instruction six must be condemned for assuming the truth of controverted facts, and thereby invading the province of the jury. It is improper for the court, 6. upon the issues and the evidence in this case, to assume that the proposed ditch would reclaim wet lands, or render the community more healthful, or benefit a public highway. *Scott* v. *State* (1878), 64 Ind. 400, 403; *Ohio, etc., R. Co.* v. *Pearcy* (1891), 128 Ind. 197; *Steele* v. *Davis* (1881), 75 Ind. 191; *Van Camp, etc., Iron Co.* v. *O'Brien* (1902), 28 Ind. App. 152; *Chicago, etc., R. Co.* v. *Butler* (1894), 10 Ind. App. 244.

We have examined the seventh and tenth of appellees' instructions, and, while somewhat vague and of doubtful applicability to the evidence, we find no harmful error in them.

The fourth instruction requested by appellants 7. was not applicable to the issue tendered by their remonstrance, and was rightly refused.

In response to the question: "Would the construction of a larger ditch have any more effect in taking off the water than if the present ditch were cleaned out?" 8. witness Ezra Worden answered: "I do not think it would, because it is a level country." This question was objected to, and the answer stricken out upon motion. There was no error in this ruling. The question called for, and the answer expressed, the opinion of the witness upon the merits of appellants' contention. The form of the question was objectionable in case the opinion of a lay witness were competent; but in the present instance the facts with regard to the effectiveness of the old ditch when in proper repair, and when enlarged as proposed, could be fully placed before the jury, and the opinion of the witness upon this issue was not competent. *Yost* v. *Conroy* (1884), 92 Ind. 464; *Johnson* v. *Anderson* (1896), 143 Ind. 493; *Loshbaugh* v. *Birdsell* (1883), 90 Ind. 466;

*Dillman.* v. *Crooks* (1883), 91 Ind. 158; *Hughes* v. *Beggs* (1888), 114 Ind. 427; *Brunker* v. *Cummins* (1892), 133 Ind. 443.

The errors pointed out entitled appellants to a new trial. The judgment is reversed, with a direction to sustain appellants' motion for a new trial.