LOGAN, ADMINISTRATRIX *v.* LOGAN ET AL.

[No. 13,934. Filed March 12, 1932. Rehearing denied July 27, 1932. Transfer denied June 20, 1933.]

*Jesse E. Martin, Charles T. Hanna, Thomas A. Daily, Hugh D. Wickens, Gates Ketchum* and *Wilson S. Daily,* for appellant.

*Thomas E. Davidson, Titsorth & Titsorth, Tremain & Turner* and *Herman N. Hipskind,* for appellees.

BRIDWELL, C. J.—On the 3rd day of September, 1926, one Orange Logan died intestate while a resident of Decatur County, Indiana, leaving surviving him as his only heirs at law his widow, Emma D. Logan, Clem G. Logan and Nellie Logan, children of the decedent and his widow, and Earle C. Logan, a child of decedent by a former marriage. Letters of administration were granted to the widow, Emma D. Logan, and in due course she filed an inventory of personal property belonging to the estate of her deceased husband. After the filing of this inventory Earle C. Logan, pursuant to Sec. 3172, Burns R. S. 1926, filed his petition in the Decatur Circuit Court alleging that all of the personal property belonging to the deceased at the time of his death had not been included in the inventory filed by the administratrix, and that said administratrix refused to inventory certain property of decedent, or to prosecute an action to recover same, claiming that such property belonged to her and her two children (appellees herein), and the prayer of the petition was that an order be entered authorizing and empowering petitioner

to prosecute and make proof of the claim asserted in the petition, in the name of Emma D. Logan, administratrix of the estate of Orange Logan, deceased. This petition was heard by the Decatur Circuit Court and granted, petitioner having filed his bond as required by said statute to the approval of said court.

Under authority of the order entered Earle C. Logan, in behalf of said estate and in the name of Emma D. Logan, administratrix of the estate of Orange Logan, deceased, brought this action alleging, in substance, the facts above stated and further that decedent, at the time of his death was 69 years of age, and for many years prior thereto he had been enfeebled in body and mind and by reason thereof was easily influenced in the management, control, transfer and disposition of his estate, which facts were well known to the defendants (appellees); that about the year 1921, said decedent became of unsound mind and continued so until the time of his death, and during all of said time on account of unsoundness of mind, he was incapable of transacting business and of comprehending any business transactions and appellees knew of his mental condition at all times; that at the time decedent became of unsound mind he owned valuable farms in Decatur County, Indiana, and also owned a large amount of personal property consisting of notes, bonds, moneys, stocks, choses in action, live stock, farm machinery, grain, hay, household goods, jewelry, etc.; that appellees, for the purpose of converting and appropriating to their own use said property, personal and real, and the income from said estate, conspired and confederated together to procure by undue influence, persuasion and fraud from said decedent, deeds of conveyance of said real estate and the assignment and transfer to themselves of said personal property, and in the furtherance and carrying out of said conspiracy they unlawfully and

without right did procure, by undue influence, persuasion and fraud, deeds conveying to themselves all of said real estate and unlawfully and without right, by undue influence, persuasion and fraud took possession of all said property, personal and real, and converted to their own use all of said personal property, without any consideration whatever passing therefor and continued in possession thereof until the death of decedent; that from the time decedent became of unsound mind in 1921, up and until his death appellees converted and appropriated to their own use personal property and income from real estate of the reasonable value of $75,000.00, which lawfully belongs to the estate of Orange Logan, deceased; that Emma D. Logan, administratrix, in violation of her trust has refused and failed and neglected to file an inventory of said property, and claims a large part thereof as her own personal property, and acquiesces in the claim of said Clem G. Logan and Nellie Logan to the remainder thereof to the damage of said estate in the sum of $75,000.00. Judgment for this amount is prayed.

The issues were closed by an answer of general denial to the complaint. A trial by jury resulted in a verdict for appellees. Judgment was rendered on the verdict. Appellant filed motion for a new trial which was overruled and this appeal was perfected. Appellant assigns as error, (1) the overruling of her motion for a new trial, (2) that the court erred in overruling appellant's motion to prohibit George L. Tremain and Rollin A. Turner from appearing as attorneys in the defense of this cause.

The record shows that after appellant's complaint was filed, and while this case was pending in the Decatur Circuit Court, the firm of Tremain & Turner appeared for the appellees and were representing them as their attorneys in this cause. That thereupon appellant,

by Earle C. Logan, filed a verified motion praying for an order prohibiting said attorneys from acting for the defendants (appellees) or participating in any way in the defense of the action. This motion was overruled. The cause was then venued to the Rush Circuit Court. A verified amended motion was then filed, by which appellant, through Earle C. Logan, again sought to have the law firm representing appellees barred from acting as attorneys for the defendants in the cause. Tremain & Turner filed their verified answer to the amended motion. The motion was denied and this ruling is assigned as error in appellant's motion for a new trial, as well as an independent error.

The motion is predicated upon the theory that the attorneys for appellees have accepted inconsistent employment. It alleges many of the facts stated in the complaint and in addition that said attorneys for a long time prior to and until the death of said decedent acted as his confidential advisers and transacted his legal business; that after Orange Logan died they accepted employment as attorneys for the administratrix of the estate and obtained confidential information with reference to the extent and value of the estate and inspected the books, papers, documents and other private papers of said decedent; that it is unfair and contrary to law and good ethics for said attorney to appear for the defendants and represent them in defeating the claim of said estate against such defendants. The verified answer to this motion gives in detail a recital of various transactions occuring after the death of decedent relating to steps taken by the different heirs in connection with the administration of the estate, and sets forth that other law suits between said heirs have been filed; that in all of said litigation Earle C. Logan has been represented by his present attorneys and that affiants have agreed with such attorneys to produce all

books, papers, etc., belonging to said estate without an order of court and now bring the same into court; that at no time have affiants, or either of them, appeared for or represented Earle C. Logan in any phases of the pending or other litigation but have at all times consistently resisted the several demands made by him; that the said administratrix has at all times represented to them that she has fully inventoried the personal property belonging to decedent; that they are not now and never have been in possession of any information or evidence supporting or tending to support any part of the claim set forth in the complaint filed; that in truth, and in fact, the present action is the personal action of Earle C. Logan to recover an alleged personal interest in the personal estate of decedent as an heir at law though brought in the name of Emma D. Logan, as administratrix.

Justice and ethics both require that no attorney be permitted to receive fees from adversaries in any cause. Courts not only have the power to prevent such action when properly brought to their attention, and to bar, under such circumstances, an attorney from acting as such in a pending cause, but have an imperative duty to do so. Citation of authorities in support of this principle seems needless, but a discussion of the subject is found in the following cases decided by the Supreme Court of this state. *Wilson* v. *State* (1861), 16 Ind. 392; *Price* v. *The Grand Rapids & Indiana R. R. Co.* (1862), 18 Ind. 137; *Bowman* v. *Bowman* (1899), 153 Ind. 498, 55 N. E. 422.

Whether or not an attorney has violated his professional duty and should be prohibited from acting in a particular case depends upon the facts in such case. In the case of *Price* v. *The Grand Rapids, etc., R. R. Co.*, *supra*, the court said: "Where an attorney has, in the course of other business, or in conducting other suits,

obtained a knowledge of matters connected with the suit in question, courts will not, in general, simply on the fact of such knowledge, restrain an attorney from acting against the party through whose business he obtained such knowledge, especially where such party does not desire his services."

In the instant case, from the facts alleged in the verified motion of Earle C. Logan and the verified answer thereto by Tremain and Turner, we can not say that it was the imperative duty of the court below to prohibit said attorneys from participating in the defense of the case. We hold that under the facts, the overruling of such motion does not constitute reversible error.

Appellant's motion for a new trial is based upon alleged errors in the admission and exclusion of offered testimony, and upon the giving of certain instructions and the refusal to give instructions tendered by appellant. It also assigns as reasons therefor that the verdict of the jury is not sustained by sufficient evidence, and is contrary to law.

The evidence is voluminous and conflicting in many particulars. A resume of the same would serve no good purpose, as there is competent evidence sufficient to sustain the verdict. There is no conflict concerning the fact that appellees were in possession of certain personal property, which the complaint charges belonged to the estate of Orange Logan, and were asserting ownership thereto when this action was begun, by virtue of gifts made to appellees by the decedent during his lifetime.

There is evidence in the record from which the jury could have found either way on the question of fact as to whether a gift or gifts were made.

Among the instructions given by the court to the jury were instructions Nos. 2, 4, and 7 tendered by

appellees. Appellant duly excepted to the giving of each of said instructions and in her motion for a new trial asserts that the court erred in so doing.

The instructions are as follows: No. 2. "It is the law that all persons, except infants and persons of unsound mind, may transfer by gift any interest which he may have in land or personal property, to any person capable of holding the same. Therefore, if Orange Logan was, *at the time of the transfer by gift of the personal property in controversy, or any part thereof,* a person of sound mind, he had the right to give his property to whomsoever he pleased, and he had a right to so dispose of his personal property or any part thereof, and the acceptance of the same by the donee or donees, does not amount to conversion." (Our italics.)

No. 4. "Non-expert witnesses have testified before you as to their acquaintance, conversation and dealings with the *donor* and their observation of him, and after detailing to you their observations and opportunities for observations of his acts, conduct and appearance, expressed their opinion as to the mental condition of the decedent at the time inquired about. The weight you will give their opinions, as testified, should be governed by the extent of their acquaintance, dealings, conversations and observations of said *donor,* be it great or small. Each opinion should be tested by the facts as they have been detailed to you and upon which it is based, in order to judge of its probable correctness. In this connection, it is proper for you to consider the intelligence of the witness, his opportunity and capacity for making such observations, his bias and prejudice, if any, his interest, if any, in the result of the suit, the facts and circumstances narrated by the witness, as the basis of the opinion expressed, together with all other facts and circumstances proven in the case. You are not concluded or bound by any such expression or

opinion upon the one side or the other. It is not the opinion of the witness alone upon which reliance should be placed, but from the premises which supplied the convictions in the mind of the several witnesses, the jury aided by the opinion may form its own independent conviction and decide accordingly. Finally it is your province and duty to determine whether or not from all the evidence before you the *donor* was of sound or unsound mind at the time of the transactions involved herein." (Our italics.)

No. 7. "Every person is presumed to be of sound mind until the contrary is shown. The burden is on the plaintiff to show by a preponderance of the evidence that the decedent, Orange Logan, was of unsound mind *at the time of the execution of the gifts in controversy,* and this burden of proof does not shift but remains upon the plaintiff throughout the trial of this cause. Therefore, if the plaintiff has not proven by a preponderance of the evidence that the decedent, Orange Logan, was a person of unsound mind, *at the time of the transfer, by gifts, as alleged in the complaint,* then your verdict should be for the defendants." (Our italics.)

Appellant forcefully contends that the court in giving these instructions has invaded the province of the jury by assuming as true facts that are in controversy, that is by assuming that gifts of the property in question were made to appellees by the decedent.

In instruction number two the following language is used: *"Therefore, if Orange Logan was at the time of the transfer by gift of the personal property in controversy, or any part thereof,* a person of sound mind, etc." In the fourth instruction the word "donor" is used three times in speaking of the deceased without any qualifying word or words which might leave to the jury for its determination the fact as to whether the deceased was

in truth and in fact a *donor*. In instruction number seven the court said among other things: "The burden is on the plaintiff to show by a preponderance of the evidence that the decedent, Orange Logan, was of sound mind *at the time of the execution of the gifts in controversy*," etc., and again in the same instruction the court said: "Therefore, if the plaintiff has not proven by a preponderance of evidence that the decedent, Orange Logan, was a person of unsound mind *at the time of the transfer of the gifts, as alleged in the complaint,* then your verdict should be for the defendants."

We have carefully examined all of the instructions given in this case and find that the court failed in any instruction to inform the jury as to the essential elements of a gift.

In all cases tried by a jury, the jurors are entitled to determine what facts have been proven. In this case appellant claims a conversion of certain property while appellees contend that such property had been given to them, and the fact as to whether there had been a gift, or gifts, was one of the principal facts for determination. By the foregoing instructions the court assumes that gifts of such property were made and in so doing invades the province of the jury.

The giving of three separate instructions in each of which a controverted fact is assumed to be true we hold to be erroneous. *Southern R. Co.* v. *Limback* (1908), 172 Ind. 89, 85 N. E. 354; *Beery* v. *Driver* (1906), 167 Ind. 127, 76 N. E. 967; *Haughton* v. *Aetna Life Ins. Co.* (1905), 165 Ind. 32, 73 N. E. 592, 74 N. E. 613; *Indianapolis Street R. Co.* v. *Taylor* (1905), 164 Ind. 155, 72 N. E. 1045.

Appellant, in her motion for a new trial, claims other errors than the ones to which we have referred, but since the case must be reversed for the reasons heretofore stated, and other mistakes, if any made, will probably not occur on retrial we deem

it unnecessary to extend this opinion by a discussion of such claimed errors. We do, however, call attention to the fact that the court below gave to the jury appellant's tendered instruction No. 12 on the question of undue influence and therein told the jury what might be considered in determining this question, and also gave to the jury appellee's tendered instruction No. 9 withdrawing from its consideration, for want of evidence, such issue. Both of said instructions should not have been given. To do so would at least tend towards misleading and confusing the jury.

The judgment is reversed with instructions to sustain appellant's motion for a new trial.