## 53917. YOUNG v. CHAMPION.

MARSHALL, Judge.

The appellant appeals her disqualification to practice law before the Recorder's Court of the City of Albany and a citation and conviction for contempt by the city recorder with a three-day jail term, suspended.

---

The facts indicate that the appellant is a duly licensed attorney and a member of the State Bar of Georgia in good standing. She also is an elected commissioner of the City of Albany. It is uncontested that the Board of Commissioners of the City of Albany select the judge of the recorder's court. As such, the commissioners are in effect the employers of the recorder. In a case pending before the recorder, the appellant appeared as counsel for one of the parties. The recorder informed the appellant that, because of her status as employer of the presiding judge, she was disqualified from appearing before him because of a potential conflict of interest between the attorney and judge. Inasmuch as the appellant insisted upon her right to practice her profession, the judge attempted to obtain one of the other commissioners to preside, as they were empowered to act as recorder when the appointed recorder was absent or otherwise unavailable. Being unable to obtain another commissioner, the judge postponed the hearing. At the next calling of the case, the appellant again appeared as counsel. The recorder allowed the appellant to remain in the courtroom, but advised her that she would not be allowed to represent the client in the proceedings because of the potential conflict of interest. After the first witness had been examined, the appellant attempted to cross examine the witness. When she refused to cease and desist, the recorder ordered her to remove herself from the courtroom. The appellant asserted that the only way she would leave the courtroom was under arrest. At that point the appellant was held in contempt of court, and after the trial was completed, she was sentenced to three days in jail, suspended. Upon certiorari to the superior court, the judgment of the recorder was affirmed. The appellant enumerates as error the affirmance of the disqualification and contempt conviction, alleging that she is being unconstitutionally deprived of her right to practice her profession and that the contempt conviction was contrary to law, as being without the power of the recorder. *Held:*

1. The preamble of the Canons of Ethics of this state provides: "In this State, where the stability of Courts and of all departments of government rests upon the approval

of the people, it is peculiarly essential that the system for establishing and dispensing Justice be developed to a high point of efficiency and so maintained that the public shall have absolute confidence in the integrity and impartiality of its administration. The future of this State and the Republic, of which it is a member, to a great extent, depends upon our maintenance of Justice pure and unsullied. It cannot be so maintained unless the conduct and motives of the members of our profession are such as to merit the approval of all just men." Preamble, Ch. 1, Part III, Appendix; 219 Ga. 885 (1963). Moreover, Rule 3-103 provides in part that a lawyer deserves rebuke and denunciation for any device or attempt to gain from a judge special personal consideration or favor. 219 Ga. 887. There is no contention or indication in this record that the appellant attempted to sway or seek personal favor from the recorder. Yet, the disqualification was to avoid the appearance of impropriety of an attorney, who, as an elected official, was the superior and employer of the judge, but who nevertheless sought to appear in an adversary position before a judge who was sworn to impartiality. It is an old and well-established maxim of law that the appearance of evil is as much to be abhorred as is the evil itself.

While we have been unable to find a case directly on point, we are satisfied that the general principles dealing with the ethics concerning conflicting interests have full vitality in a situation such as this as much as in those situations where an attorney represents two clients with conflicting interests. It goes without citation that an attorney is an officer of the court, and, as such, occupies a unique and high calling with equally high obligations to maintain professional integrity and conduct. This high office as an attorney incapacitates the attorney from representing different interests which are adverse in the sense that they are hostile, antagonistic or in conflict with each other. *Womble v. Womble,* 228 Ga. 10 (183 SE2d 747) (1971); *Tilley v. King,* 190 Ga. 421 (9 SE2d 670) (1940); *Corvair Furniture Mfg. Co. v. Bull,* 125 Ga. App. 141 (186 SE2d 559) (1971). Where the fact that an attorney represents conflicting interests comes to the attention of the court before which the cause is pending, the court is

required to prevent the attorney from continuing so to act. The test in such cases is not the actuality of conflict, but the possibility that conflict may arise. Logan v. Logan, 97 Ind. App. 209 (180 NE 32) (1932). Where the possibility of such conflict exists, the trial court does not abuse its discretion in disqualifying the counsel rather than recusing itself. Tucker v. Shaw, 378 F2d 304 (2d Cir. 1967); Seifert v. Dumatic Industries, Inc., 413 Pa. 395 (197 A2d 454) (1964).

Thus we conclude that the relation of attorney and client is of such an important nature that the courts may not allow an attorney to act in any capacity or assume any duty inconsistent with the office of attorney, or the duty owing to the client; public policy also demands that an attorney shall not act in any other capacity where that duty would be incompatible with the general duty as an attorney. Inglett & Co. v. Everglades Fertilizer Co., 255 F2d 342 (7) (5th Cir. 1958). That some inchoate influence was present in this case is manifested by the fact that the judge did not immediately disqualify the appellant, but made conscientious efforts to recuse himself and obtain another judge pro tem., so as to accommodate the desires of the appellant. It was only after his efforts had proven nugatory and the appellant continued to insist upon her "right" to represent her client before the recorder that she was declared disqualified and ultimately held in contempt. Under these circumstances, we conclude that the judge did not err in disqualifying the appellant as an attorney from representing a client before his court, and in fact had a duty to do so, inasmuch as the judge had determined that such representation brought or tended to bring disrepute upon the administration of justice and the practice of law before his court. Further, under such facts, we do not believe that the lawful disqualification of an attorney in such a situation rises to a question of constitutional dimensions. The ruling does not deny the appellant the right to practice generally; only in those cases in which a city commissioner seeks to practice before the appointed recorder, an employee. As we have held, that smacks of impropriety, and falls within the inherent power of the court to prohibit.

2. Without reciting again the conduct of the

appellant in refusing to leave the courtroom, we hold that her conduct and language under the circumstances were contumacious. "It is fundamental that every court possesses the inherent power to preserve and enforce order and compel obedience to its judgments and orders, to control the conduct of its officers and all other persons connected with the judicial proceedings before it and to inflict summary punishment for contempt upon any person failing and refusing to obey any lawful order of such court. Code §§ 24-104, 24-105; *Bradley v. State,* 111 Ga. 168, 170 (36 SE 630, 50 LRA 691, 78 ASR 157). This court will not undertake to control the wide discretion vested in the trial court in the exercise of this fundamental power unless it is made to appear that wrong or oppression has resulted from an abuse of such discretion reposed in the court. *Carr v. State,* 76 Ga. 592, 596; *Perryman v. State,* 114 Ga. 545, 546 (40 SE 746)." *Jackson v. State,* 225 Ga. 553, 557 (170 SE2d 281) (1969). See *Garland v. State,* 101 Ga. App. 395, 427 (114 SE2d 176) (1960). The court below did not abuse its discretion under the circumstances of this case.

There being no errors to the substantial prejudice of the appellant in any of the rulings, orders or judgments of the trial judge, the judgment is affirmed.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED MAY 5, 1977 — DECIDED JUNE 29, 1977.

*King, Phipps & Associates, Herbert E. Phipps, C. B. King,* for appellant.

*Landau & Davis, James V. Davis, Nathan Davis,* for appellee.