## 60907. DALTON v. THE STATE.

Birdsong, Judge.

The appellant was convicted of violation of the Georgia Driver's Licensing Act, and sentenced to three years' confinement and two years' probation.

In May of 1979, Dalton had been declared an habitual violator and therefore prohibited from operating a motor vehicle for five years. It was alleged that in August, 1979, he was driving a truck which approached a routine license checkpoint. Officers at the scene observed the truck stop short of the checkpoint and saw two men (Dalton and Strickland) get out of the truck, check something under the hood, and get back in the truck in switched positions as driver and passenger. The truck was then driven down a hill away from the checkpoint. The officers immediately pursued the car and found Strickland in the driver's seat.

The sole question on appeal is whether the trial court committed fatal error at Dalton's trial, by recommending and permitting Dalton's attorney to counsel Strickland when Strickland was accused at trial of possible perjury in his testimony as a witness. In a previously signed statement, Strickland had stated that Dalton was driving the truck when it approached the checkpoint; but at trial, Strickland testified that he himself, and not Dalton, had been driving the truck at that time.

We find no reversible error. It is true that generally the test in cases of attorney conflict of interest is not the actuality of conflict, but the possibility that conflict might arise. *Young v. Champion,* 142 Ga. App. 687 (1) 689-690 (236 SE2d 783). Accordingly, it was decidedly error to permit Dalton's attorney to counsel the witness Strickland on the dangers of perjury. If, after being counseled by Dalton's attorney, Strickland had renounced his previous trial testimony and in accordance with his earlier written statement testified that Dalton had been driving the truck, the injury to the appellant would be plain and palpable. But that is not what occurred. After being counseled by Dalton's attorney, Strickland continued to insist that he and not Dalton had been driving the truck. No harm to Dalton came of the error of the trial court or the resulting conflict of interests of his attorney. We therefore are not authorized to reverse the judgment, since no harm was shown, according to the rule in

*Johnson v. State*, 238 Ga. 59 (230 SE2d 869) and *Kirkland v. State*, 141 Ga. App. 664 (234 SE2d 133).

Moreover, the conviction is sustained by an officer's testimony that he saw Dalton get out of the driver's seat when the truck stopped, and by the inference arising from the officers' testimony that the two men switched positions when the truck stopped and Strickland was driving the truck when the officers approached it after pursuit.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 4, 1981.

*John W. Timmons, Jr.,* for appellant.

*Harry Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.