A91A0536. VICTORIA'S SECRET STORES, INC. v. WEST.

(408 SE2d 180)

BANKE, Presiding Judge.

This is a personal injury action, filed against the appellant by the appellee in the State Court of Fulton County. The case is before us on interlocutory appeal from the denial of the appellant's motion to require the appellee's counsel, Gordon L. Joyner, to withdraw from the case on the ground that he is a Fulton County Commissioner and is therefore empowered to vote on salary supplements for the judges of the State Court of Fulton County. See OCGA § 15-7-22. The appellant contends that under these circumstances, Joyner's representation of the appellee in the present case violates Canon 9 of the Code of Professional Responsibility, which specifies that "[a] lawyer should avoid even the appearance of professional impropriety." During the proceedings below, Joyner asserted without contradiction that he has elected in the past to abstain from voting on the compensation of state court judges, and he further asserted that such "will continue to be [his] consistent policy and practice during his tenure as a Fulton County Commissioner so as to avoid even any appearance of impropriety or conflict of interest regarding such matters." *Held*:

1. In support of its position that disqualification is required in this case, the appellant relies on *Young v. Champion*, 142 Ga. App. 687 (1) (236 SE2d 783) (1977), wherein we upheld the disqualification of an attorney from practicing before the Recorder's Court of the City of Albany on the ground that the attorney was a member of the city commission which hired the judges of that court. We concluded that under these circumstances, "the judge did not err in disqualifying the . . . attorney from representing a client before his court, and in fact had a duty to do so, inasmuch as the judge had determined that such representation brought or tended to bring disrepute upon the administration of justice and the practice of law before his court." Id. at 690. In reaching this decision, this court observed that there was an

appearance that "some inchoate influence was present in the case [as] manifested by the fact that the judge did not immediately disqualify the appellant, but made conscientious efforts to recuse himself and obtain another judge pro tem., so as to accommodate the desires of the appellant."

It is apparent that the Fulton County Commissioners have no say in the selection or removal of state court judges but are empowered only to vote on salary supplements for such judges, a power which, as previously indicated, the appellee's counsel has chosen to abstain from exercising. Under these circumstances, the employer-employee relationship which was found to exist between the governing body and the judge in *Young* clearly is not present. Moreover, whereas a prohibition against practicing before a recorder's court would not normally be considered a significant restriction on an attorney's ability to practice law generally, a prohibition against representing clients before the state and/or superior courts of the county of an attorney's residence obviously would constitute a major impediment to his right to practice law generally. Compare *Ga. Dept. of Human Resources v. Sistrunk*, 249 Ga. 543 (291 SE2d 524) (1982) (holding that the Georgia Constitution prohibits legislators from representing clients for a fee in civil proceedings in which the state or one of its agencies is an opposing party).

"[T]he right to counsel is an important interest which requires that any curtailment of the client's right to counsel of choice be approached with great caution." *Blumenfeld v. Borenstein*, 247 Ga. 406, 408 (276 SE2d 607) (1981). "Political influence exists, and will continue to do so; this is a fact of life. Although this court can correct errors of law, like them or not we cannot change the facts of life." *Ga. State Bd. of Pharmacy v. Lovvorn*, 255 Ga. 259, 260 (336 SE2d 238) (1985). Based on the foregoing considerations, we hold that the trial judge in the present case did not abuse his discretion in refusing to disqualify the appellee's counsel from participating in the present case because of his status as a county commissioner.

2. The appellee's motion for imposition of damages against the appellant for filing a frivolous appeal is denied.

*Judgment affirmed. Carley and Beasley, JJ., concur in judgment only.*

DECIDED JULY 10, 1991.

*Murray, Temple & Dinges, Malcolm S. Murray, William D. Strickland*, for appellant.
*Joyner & Joyner, Gordon L. Joyner*, for appellee.